## COMMONWEALTH *vs.* ELBRIDGE L. ANDREWS.

A defendant in a criminal case in which exceptions are pending, who breaks jail and does not appear in person, on demand by the attorney general, to receive judgment on the exceptions, waives all right to be heard thereon by counsel.

INDICTMENT for receiving stolen property. At the trial in the superior court the defendant was found guilty, and alleged

exceptions, which were allowed, and which he was held in jail to prosecute.

The case being called in this court, the attorney general suggested that the defendant had broken jail and was at large, and asked that he should be defaulted and the exceptions overruled without argument.

But *L. Lapham,* for the defendant, admitting the fact of the escape as suggested by the attorney general, argued that under the Declaration of Rights, art. 12, he was entitled to a hearing on the exceptions in the defendant's behalf; that the defendant's *status* at the time of the allowance of the exceptions was alone to be considered by the court in passing on them; that by his escape he had committed a crime for which he was liable in a separate proceeding; and that to deprive him of a hearing on exceptions in another and different proceeding would be to inflict a punishment for his escape, in derogation of his constitutional rights.

BIGELOW, C. J. The defendant, by escaping from jail where he was held for the purpose of prosecuting these exceptions and abiding the judgment of the court thereon, has voluntarily withdrawn himself from the jurisdiction of the court. He is not present in person, nor can he be heard by attorney. A hearing would avail nothing. If a new trial should be ordered, he is not here to answer further; if the exceptions are overruled, a sentence cannot be pronounced and executed upon him. The attorney general has a right to ask that he should be present to receive the judgment of the court. 1 Chit. Crim. Law, 663. *Rex* v. *Cardwell,* 17 Q. B. 503.

So far as the defendant had any right to be heard under the constitution, he must be deemed to have waived it by escaping from custody and failing to appear and prosecute his exceptions in person, according to the order of court under which he was committed. *Defendant defaulted. Exceptions overruled.*