### SMITH *vs.* THE STATE OF GEORGIA.

During the term of the court wherein he was found guilty, the defendant made a motion for a new trial, with brief of evidence agreed upon by the counsel, which motion the court refused to entertain in the following words: "I refuse to approve the above brief of evidence or entertain the motion for a new trial, because at the time defendant was found guilty his counsel asked for a suspension of the sentence to enable him to make a motion for a new trial, and when the time given for that purpose had elapsed, the counsel asking the suspension and who defended the defendant on the trial, abandoned his motion, to-wit: F. W. Robert, Esq., of Robert & Mallard, and asked the leniency of the court in passing sentence, and the defendant himself produced a certificate in writing of the jury who found the verdict that they intended to recommend him to the mercy of the court, and himself asked the leniency of the court, and as matters thus stood submitted to his sentence; and now, after all that has occurred, and I shaped my sentence accordingly, supposing that to be the last of the case, defendant has employed *other* counsel to move for a new trial, which is such trifling with the court by him as I will not tolerate, unless ordered by the supreme court. As I regard the defendant a bad man, and the evidence showed he had been and was then engaged in a serious difference with many citizens of Stone Mountain, Georgia, I should have put upon him a severer penalty but for the promise of his counsel that he would discontinue that quarrel:"

*Held*, 1. That the defendant is entitled of right to make a motion for a new trial at any time during the term at which he is tried, on complying with the provisions of law in regard thereto.

2. That this right is not forfeited by the fact that sentence has been passed upon him.

3. That if dissatisfied for any reason with the counsel who defended him before the jury or before the court at the time sentence was rendered against him, he may employ other counsel to move for a new trial.

4. That the sentence of the court ought not to be modified by any arrangement between defendant or his counsel and the court, looking to his abandonment of the right to move for a new trial, and if so modified the defendant will not be estopped from his right to move therefor during the time allowed by law.

5. That defendant's appeal for leniency and production of the certificate of the jury who tried him that they intended to recommend him to mercy, did not forfeit the right to move for a new trial and have the motion considered.

6. That the city court of Atlanta, in passing sentence for assault and

battery within the city, should not consider any serious difference the defendant was then engaged in with many citizens of Stone Mountain, and impose a heavier penalty unless a quarrel at Stone Mountain was discontinued.

7. That the reasons given by the city court, considered separately or together, are insufficient in law to debar defendant from the exercise of his clear legal right to have his motion for a new trial considered and the brief of evidence corrected, if necessary, by the court, and approved according to law.

JACKSON, Justice.