### 36795. ASH *v.* THE STATE.

CARLISLE, J. 1. While the general rule is that on a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime which is distinct, independent and separate from that for which he is on trial, is irrelevant and inadmissible, there are certain exceptions to this rule. If it can be shown that there is some logical connection between the two crimes, or if it can be said that the proof of one tends to establish the commission of the other, then evidence of such other crime is admissible. One of these exceptions is where it is shown that the collateral crime is a part of the res gestae of the crime with which the defendant is charged. *Lampkin* v. *State,* 145 *Ga.* 40 (1) (88 S. E. 563); *Hill* v. *State,* 161 *Ga.* 188 (2) (129 S. E. 647); *Swain* v. *State,* 162 *Ga.* 777 (2), 780 (135 S. E. 187); *Bradberry* v. *State,* 170 *Ga.* 859 (2), 864 (154 S. E. 344); *Randall* v. *State,* 176 *Ga.* 897 (1) (169 S. E. 103); *Reed* v. *State,* 197 *Ga.* 418 (6) (29 S. E. 2d 505); *Hill* v. *State,* 201 *Ga.* 300 (1), 303 (39 S. E. 2d 675); *Hall* v. *State,* 7 *Ga. App.* 115 (6), 120 (66 S. E. 390). Accordingly, where on the trial of a case of one charged with the crime of child molestation under the provisions of the act of 1950 (Ga. L. 1950, p. 387, as amended; Code, Ann. § 26-1301a), a witness for the State was permitted to testify over the objection of the defendant

as to acts of the defendant toward the sister of the victim named in the indictment, which acts were observed by the witness and which took place immediately preceding and were a part of a continuing course of action on the part of the defendant, such testimony was not objectionable as being evidence of another crime wholly distinct, independent and separate from that with which the defendant was charged. Such evidence was admissible under the circumstances of this case as a part of the res gestae and tended to show acts on the part of the defendant that were so closely related to the crime with which the defendant was charged that their proof could be said to have tended to establish the guilt of the accused. See also the discussion on this question in *Frank* v. *State*, 141 *Ga.* 243, 256 (80 S. E. 1016).

2. Three witnesses for the State testified that they observed the defendant commit the crime with which he was charged. While in cases of this nature, proof of intent is often dependent on the circumstances, the evidence of the specific acts of the defendant in placing his hands on the person of the offended child, in the manner described by the witness, when coupled with the testimony of one of the arresting officers to the effect that when the defendant was arrested his pants were unzipped was sufficient to authorize the jury to infer intent. The evidence authorized the verdict.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED SEPTEMBER 16, 1957.

*Smith, Gardner & Kelley, B. C. Gardner, Jr.,* for plaintiff in error.

*Maston O'Neal, Solicitor-General,* contra.