### 46214. JACKSON v. THE STATE.

EVANS, Judge. The defendant was indicted, tried and convicted of the offense of aggravated battery. The sentence imposed was five years' imprisonment. A motion for new trial was filed and overruled in the case. The appeal is from the judgment of conviction and sentence. Error is enumerated as to the following: 1. The evidence was insufficient to support conviction as complained of in the general grounds of the motion for new trial. 2. The court erred in allowing a detective to testify over objection regarding an incriminatory statement made by the defendant in that a proper foundation for the admission of any alleged statement was not made during the trial of the case. 3. Certain photographs were erroneously allowed in evidence over objection. 4. The court erred in allowing the district attorney over objection to make the closing argument on the question of sentencing, after the jury had returned a verdict of guilty. The defendant offered evidence in an attempt to mitigate said sentence. *Held:*

1. There was both direct and circumstantial evidence that the defendant and three other men followed certain young people, including the son of the victim, to the driveway of the victim; and that he stopped when these young people drove into the victim's driveway. A fight ensued in which the victim was beaten severely by the defendant about the head with a boat paddle. The evidence was sufficient to support the verdict, and the general grounds of the motion for new trial are not meritorious. *Hunt v. State,* 8 Ga. App. 374 (2) (69 SE 42); *Ash v. State,* 96 Ga. App. 359 (2) (100 SE2d 149). We find nothing in the *Ash* case which would show that the evidence here did not authorize the verdict.

2. The detective, who testified as to the statements made by the accused, testified first outside the presence of the jury, and again in the presence of the jury, that he had advised defendant of his constitutional rights as required, and enumerated them. See Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974). We find no merit in the complaint that a proper foundation was not made for the admissions by the defendant.

3. There was sufficient testimony to show that the photographs allowed in evidence were fair and truthful representations of what they portrayed, and the court did not err in allowing the same in evidence. *Chance v. State,* 156 Ga. 428 (5) (119 SE 303); *Johnson v. State,* 158 Ga. 192, 198 (123 SE 120). Further, the writing on the back of the photographs, reciting who took them, and where, which was written thereon by the witness, fails to show harmful error, since he had testified to the same effect. We find no error in this complaint.

4. The defendant introduced testimony as to his good character after the jury returned a verdict of guilty, and the trial court did not err in permitting the district attorney to make the opening and closing arguments in the pre-sentence hearing. See *Bass v. State,* 123 Ga. App. 705 (3) (181 SE2d`).

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.*
SUBMITTED MAY 6, 1971—DECIDED JUNE 15, 1971.

*Merritt & Pruitt, Glyndon C. Pruitt,* for appellant.
*Reid Merritt, District Attorney,* for appellee.