## 47518. BAKER v. THE STATE.

HALL, Presiding Judge. Defendant appeals from two convictions for attempted burglary.

1. Defendant contends that the failure to give him a commitment hearing within 48 hours of his arrest makes null and void all that has transpired since. With no claim that an admission or confession was obtained by secret interrogation, the contention is without merit. *Furman v. State*, 225 Ga. 253 (167 SE2d 628).

2. The evidence supports the verdict.

3. The transcript completely refutes the defendant's bare claim that the court failed to charge on circumstantial evidence.

4. Defendant contends the court erred in failing to charge, without request, on alibi which was his sole defense. With the issue of alibi raised only by defendant's unsworn statement, it cannot be said there is strong and probative evidence which reasonably excludes the possibility of his presence at the scene. See *Code* § 38-122; *Cole v. State,* 63 Ga. App. 418 (11 SE2d 239); *Wilson v. State,* 124 Ga. App. 403 (183 SE2d 926); *Watson v. State,* 136 Ga. 236 (5) (71 SE 122).

5. Defendant contends the court erred in failing to instruct the jury concerning concurrent and consecutive sentences, and by providing itself that the sentences should run consecutively. The contention is without merit. *Lee v. State,* 107 Ga. App. 484 (130 SE2d 814). Nothing in the 1956 and 1964 amendments to *Code Ann.* § 27-2510 changes the authority of the court to make this determination.

6. The court did not err in refusing to grant a new trial when the defendant discovered after the verdict that one of the jurors was under criminal indictment. Defendant's counsel stipulated that he knew this fact, but did not challenge the juror. This was a waiver of any objection to the juror's incompetency. See *Lampkin v. State,* 87 Ga. 516 (7) (13 SE 523).

*Judgment affirmed. Pannell and Quillian, JJ., concur.*
Argued September 12, 1972—Decided September 28, 1972—Rehearing denied October 24, 1972—

Barney W. Baker, *pro se, R. Jerome Shepherd,* for appellant.

David N. Vaughan, Jr., *District Attorney,* for appellee.

