## 28146. WADE v. THE STATE.

GUNTER, Justice. The appellant here brought an application for a writ of habeas corpus below contending that he was being held illegally in the custody of the Sheriff of Habersham County following his conviction by a jury. His primary contention was that he had been denied the right to appeal his conviction and sentence because of the failure of the court reporter to file a transcript of his trial with the clerk of the trial court. After a hearing the trial judge entered a judgment remanding the appellant to the custody of the sheriff. The appeal is from that judgment.

The appellant was tried and convicted on three felony charges in June of 1972. The jury found him guilty on all three charges and imposed a sentence of two years on each charge. The sentence entered by the trial judge on June 23, 1972, was for six years, two years on each charge to run consecutively.

The appellant filed a motion for a new trial in due time. On December 9, 1972, the trial judge entered an order vacating the sentence entered on June 23, 1972, and imposed a sentence of three years to be served consecutively and three years to be served on probation. On the same date, December 9, 1972, the trial judge entered a judgment denying the appellant's motion for a new trial.

The trial judge's term of office ended on December 31, 1972, and a new and different trial judge succeeded him in that office in 1973.

Appellant also acquired new counsel to represent him sometime between December 9, 1972, and January 3, 1973; and on January

3, 1973, a notice of appeal was filed, appealing from the June 23, 1972, judgment and from the December 9, 1972 judgment, which had overruled and denied his motion for a new trial. The notice of appeal specified that the transcript of evidence and trial proceedings would be filed for inclusion in the record on appeal.

On January 23, 1973, the appellant made a motion in the trial court for a thirty-day extension of time for the preparation and filing of the transcript. On that same day the trial judge entered an order granting the thirty-day extension and ordered the official court reporter to prepare for the defendant and his counsel an additional copy of the transcript.

On February 21, 1973, appellant filed his application for a writ of habeas corpus; he alleged that since the January 23 extension of time order, the official court reporter had advised him in writing that the stenographic notes from which the transcript of evidence was to be prepared had been destroyed during the removal of the court reporter's office from one location to another location. He further alleged that because of the inability of the state to provide a transcript he was denied his right to appeal, and that he should either be granted a new trial or released from custody.

The trial judge issued a writ of habeas corpus and conducted a hearing pursuant thereto. The trial judge then entered a judgment remanding the appellant to custody, denying a new trial, and reinstating the original June 23, 1972 six-year sentence. The trial judge concluded that the December 9, 1972, modification of the sentence was a nullity because the term of the court at which the first sentence had been entered had ended, and that a trial judge is without legal authority to modify a sentence after the expiration of a term at which it was imposed.

At the habeas corpus hearing the 1972 trial judge testified that he modified the sentence on December 9, 1972, and overruled the motion for a new trial with the approval of and understanding of the district attorney and appellant's former counsel that an appeal from the judgment overruling the motion for a new trial would not be prosecuted. The appellant testified at the habeas corpus hearing that he knew nothing of and did not agree to an abandonment of his right to appeal.

That brings us to the issues that we must decide: whether the appellant has been denied his right to appeal his case by the failure of a transcript of the evidence to be filed with the clerk of the trial court; and, if so, does such denial entitle him to a new

trial or, in the alternative, the legal right to be released from custody?

## I.

Code Ann. § 6-805 (a) provides that in all felony cases, the transcript of evidence and proceedings shall be reported and prepared as provided in Code § 27-2401. Code § 27-2401 provides that in the event of the jury returning a verdict of guilty in a felony case, the testimony shall be entered on the minutes of the court or in a book to be kept for that purpose. Both of these statutes use the word "shall," and Code § 27-2401 makes it the duty of the state to file the transcript with the clerk of the trial court when the jury renders a verdict of guilty in a felony case.

In the case at bar it is conceded that the transcript was not and cannot be filed because of the loss of the stenographic notes necessary for the preparation of the transcript. This failure was not and is not the fault of the appellant. To the contrary, it is the duty of the state to file the transcript after a guilty verdict has been returned in a felony case. Such is the law in this state, and in this legal era of numerous appeals and numerous post-conviction reviews it is a wise and reasonable requirement.

Did the appellant waive any right to have the transcript filed by virtue of the sentence modification order and the order entered denying a new trial, both of which were entered on December 9, 1972?

We hold that what occurred on December 9, did not effect a waiver. In 1879 this court said: "[T]he sentence of the court ought not to be modified by any arrangement between defendant or his counsel and the court, looking to his abandoment of the right to move for a new trial, and if so modified the defendant will not be estopped from his right to move therefor during the time allowed by law." *Smith v. State,* 64 Ga. 439. The same reasoning expressed in that case with respect to a motion for a new trial is applicable to an appeal from the denial of a new trial under our current practice and procedure.

We therefore hold that the appellant has been effectively denied his right to appeal because a transcript of his trial is not available to him.

## II.

We think it is clear that a superior court judge cannot modify sentence after the expiration of the term of court at which the sentence was imposed. See Code Ann § 27-2502.

However, if the sentence imposed was a void sentence, then a new

and valid sentence can be imposed by the trial judge at any time. See *Heard v. Gill,* 204 Ga. 261 (49 SE2d 656).

This case was tried in June of 1972 under our two-step felony procedure. The record shows that the jury first found the appellant guilty on all three counts of the indictment. The second or sentencing verdict of the jury then gave the appellant a two-year sentence on each count. The second or sentencing verdict then contained words which have been marked out that appear to say: "These sentences are to be served consecutively." But these words have been obliterated as have other words in this verdict.

Nevertheless, the three written sentences entered by the trial judge following the verdict imposed a sentence of two years on each count, all to run consecutively.

We do not think the three sentences entered by the trial judge were valid sentences because they did not follow the verdict of the jury imposing punishment.

Code Ann. § 27-2502 provides that the trial judge "shall sentence said convicted person to the penitentiary in accordance with the verdict of the jury."

Code Ann. § 27-2534, the felony two-step procedure statute, provides: "The jury shall fix a sentence within the limits prescribed by law. The judge shall impose the sentence fixed by the jury as provided by law."

Code Ann. § 27-2510 provides that where a person is convicted on serveral counts of a multi-count indictment and sentenced to imprisonment, such sentences shall be served concurrently unless otherwise expressly provided therein.

When these three Code sections are construed together, we conclude that the jury in felony cases fixes the punishment of the convicted person. If there are two or more convictions in a multi-count indictment, the jury must prescribe the sentence to be served on each count. And unless the jury specifies that the sentences imposed are to run consecutively, then the law (Code Ann. § 27-2510) is that they shall run concurrently.

The trial judge, in entering a sentence or sentences, has legal authority to probate a sentence or any part thereof. Code Ann. § 27-2502. But a trial judge does not have legal authority to say whether sentences imposed by a jury in a multi-count indictment shall run concurrently or consecutively. Under our present statutes that function is solely within the province of the jury, because the jury fixes the "total punishment" for a person

convicted on one of more counts in a multi-count indictment.

We therefore hold that the sentence entered by the trial judge on June 23, 1972, and the sentence entered by the trial judge on December 9, 1972, were not valid sentences because they did not follow the sentence-verdict returned by the jury.

The appellant can, however, now be resentenced even at this late date by the imposition of a sentence or sentences that follow the verdict of the jury.

### III.

To conclude: the habeas corpus court's remanding the appellant to custody was erroneous; the habeas corpus court's judgment reimposing the original June, 1972 sentences was erroneous; and the habeas corpus court's judgment denying the appellant a new trial was erroneous. On remand direction is given to the habeas corpus court, which is the same court in which the appellant was originally tried, to enter a judgment requiring the imposition of a valid sentence or sentences which follow the verdict of the jury, or enter a judgment requiring that the appellant be granted a new trial. The appellant shall be allowed to elect which of these alternatives he desires. Since the appellant has been confined for approximately fifteen months, if he elects a new trial, further direction is given that his re-trial take place at the earliest practicable date.

*Judgment reversed with direction. All the Justices concur, except Nichols and Undercofler JJ., who concur in the judgment only.*
ARGUED SEPTEMBER 10, 1973 — DECIDED SEPTEMBER 20, 1973.

*Douglas W. McDonald,* for appellant.
*V.D. Stockton, District Attorney,* for appellee.

UNDERCOFLER, Justice, concurring in the judgment only. I respectfully dissent from Divisions II and III of the majority opinion. The power of the court to specify sentences shall run consecutively is derived from the common law. Georgia statutes have not altered this power. The only change is that sentences now run concurrently, rather than consecutively, when it is not specified otherwise. 21 AmJur2d 523, Criminal Law, § 547; *Simmons v. Georgia Iron & Co.,* 117 Ga. 305, 318 (43 SE 780); *Baker v. State,* 127 Ga. App, 403 (5) (194 SE2d 122).

I am authorized to state that Justice Nichols concurs in this special concurrence.