## 28891. THOMAS v. HOPPER.

HALL, Justice.

Thomas, a prisoner at Georgia State Prison, filed a pro se petition for habeas corpus in Tattnall County Superior Court, alleging that his constitutional rights were denied at trial by (1) the trial court's refusal to instruct the jury to disregard certain objectionable testimony by a witness, although the court sustained an objection to the testimony; (2) the trial court's refusal to direct a verdict of acquittal on Count 2 of the indictment; and (3) by conviction on both counts of the indictment upon insufficient evidence. The petition was subsequently amended by counsel representing Thomas to add a fourth claimed deprivation of constitutional

rights: Thomas' sentence to consecutive terms of imprisonment by the trial judge, when the jury failed to specify whether the sentences should run concurrently or consecutively.

Although an evidentiary hearing on the petition was ordered by the Tattnall County Superior Court, and various orders of postponement of the hearing were subsequently entered, nothing in the record before us indicates whether such hearing was held, nor does the record here contain a transcript of Thomas' trial.

On February 8, 1974, the Tattnall Superior Court entered an order denying the relief requested in Thomas' petition and remanding him to custody. The order considered only the fourth point in the petition, concerning consecutive or concurrent sentences, and concluded that *Wade v. State,* 231 Ga. 131 (200 SE2d 271) should not be applied to sentences imposed prior to September 20, 1973, the date of the *Wade* decision. The court concluded that *Wade* was inapplicable to Thomas' sentences. However, subsequent to the order of the court below, this court in *Shockley v. State,* 232 Ga. 154 (205 SE2d 246), ruled that *Wade* was to receive retroactive application.

It is therefore necessary to remand this case to the Tattnall Superior Court in order that that court may take all steps necessary to reach a determination, in the light of the trial record, of the consecutive sentencing point raised by Thomas, as well as a determination of the other claims of his petition which appear from the record before us never to have been considered. Cf., *McAuliffe v. Rutledge,* 231 Ga. 1 (200 SE2d 100).

The judgment is reversed and the case is remanded with direction.

*Judgment reversed. All the Justices concur.*

SUBMITTED MAY 10, 1974 — DECIDED JUNE 18, 1974.

Charles Thomas, *pro se.*
*Arthur K. Bolton, Attorney General,* for appellee.