## 49277. BRADSHAW v. THE STATE.

PANNELL, Presiding Judge.

Defendant was indicted and tried on six counts of burglary and theft by taking. Contrary to his plea, he was convicted of one count of burglary and sentenced by the jury to eleven years. The court's order on sentence provided that the sentence of the jury would be consecutive to any other sentence the defendant "may now be serving at any other place in Georgia." A motion for a new trial, as amended, and a motion to conform the court's sentence to the sentence imposed by the jury were denied. Appeal followed. *Held:*

1.  In the first enumeration of error the defendant alleges that the trial court erred in denying his motion for a new trial because the verdict is contrary to the law, the evidence, the weight of the evidence and contrary to principles of law and equity. We disagree. The evidence was sufficient to support the verdict and the general grounds for a new trial are not meritorious. *Jackson v. State,* 124 Ga. App. 60, 61 (183 SE2d 52).

2.  Defendant complains that the trial court erred in denying a motion for continuance in order to allow necessary witnesses to be located, interviewed and, successfully subpoenaed. We find no merit to this contention under the facts of this case. Defendant was indicted on February 9, 1972. At trial, the district attorney advised the court that at three of four previous terms of court defendant had sought continuance in order to obtain his own lawyer and, further, that the defendant had posted bail the day of his arrest on February, 7, 1972. Neither statement of this officer of the court was challenged as to veracity or otherwise objected to by the defendant. We think, therefore, this case is controlled by *Duke v. State,* 104 Ga. App. 494 (122 SE2d 127), wherein this court stated:

"[T]he defendant must be afforded benefit of counsel, and this includes time sufficient for counsel to prepare for trial, but where the defendant was apprised of the charge against him at a previous term of court and himself fails or neglects to procure counsel or ask the court to do so for him, there is no error in refusing a request for additional time on the ground that the

counsel has himself had insufficient time to prepare the defense."

We have carefully examined this record of trial and are convinced that the defendant received competent and able representation from his counsel, as is evidenced by his acquittal of five counts of a six count indictment. Defendant was afforded due process and equal protection under the 14th Amendment of the United States Constitution (Code § 1-815), and due process and benefit of counsel under the Georgia Constitution (Code Ann. §§ 2-103 and 2-105).

3. Defendant urges that the trial court erred in admitting as evidence a fingerprint card which was prepared at an earlier date. The exhibit proffered was a record of the Federal Bureau of Investigation, which contained known fingerprints of the defendant and which was used for comparison with fingerprints lifted from an item of property alleged to have been stolen in the instant case. All objectionable portions relating to a prior offense were masked out and the jury was instructed not to examine the covered side of the card. No prejudice appears and the enumeration is without merit.

4. Finally, defendant enumerates that the trial court erred in sentencing him to serve eleven (11) years to run consecutively to any other sentence that he may be serving and in overruling defendant's motion to conform the sentence to that imposed by the jury. We think this enumeration is meritorious. *Wade v. State,* 231 Ga. 131 (200 SE2d 271), (1973); *Mathis v. State,* 231 Ga. 401 (202 SE2d 73) (1973); *Gandy v. State,* 232 Ga. 105 (205 SE2d 243) (1974); and *Sinkfield v. State,* 130 Ga. App. 389 (203 SE2d 708). Therefore, since the sentence imposed by the trial judge was void, a valid sentence can be imposed by the trial judge at any time. See *Heard v. Gill,* 204 Ga. 261 (49 SE2d 656).

The judgment of the trial court is affirmed, except that portion which imposes consecutive sentences. The trial judge is directed to enter a judgment sentencing the defendant in accordance with the verdict of the jury. This judgment shall provide that the sentences are to run concurrently.

*Judgment affirmed with direction. Clark and Webb, JJ., concur.*

SUBMITTED MAY 9, 1974 — DECIDED JULY 11, 1974.

*Rogers, Magruder & Hoyt, C. King Askew,* for appellant.

*F. Larry Salmon, District Attorney,* for appellee.