## 29797. SMITH v. RICKETTS.

UNDERCOFLER, Presiding Justice.

This appeal is from an order resentencing the appellant in accordance with the decisions of this court in *Wade v. State*, 231 Ga. 131 (200 SE2d 271) and *Gandy v. State*, 232 Ga. 105 (205 SE2d 243). The trial court resentenced the appellant in his absence in accordance with the ruling made by this court in *Johnson v. Caldwell*, 232 Ga. 200 (5) (205 SE2d 857). The appellant contends that the entry of the sentence in his absence violated his rights to due process of law under the Fourteenth Amendment of the United States Constitution. He contends that if he had been present in court during the resentencing he would have had the right to urge the court to suspend, probate or change the terms of the sentence. *Held:*

There is no merit in these contentions. Under the decisions of this court in the cases cited above, the resentencing of the appellant was a question of law and nothing he might have said or done could lawfully have brought about a modification of his sentence. In *Smith v. Henderson,* 190 Ga. 886 (2) (10 SE2d 921) it was said: "Assuming that it was necessary for the defendant to have been present in court when the original sentence of execution was pronounced, as well as during other proceedings throughout the trial, in the absence of waiver [cits.] no violation of the due-process clause of the 14th Federal amendment appears, where the attack is not on the original sentence, but merely on an order fixing a new date of execution, entered without the presence of the defendant at that time, which order became necessary after the date fixed in the original sentence had passed by reason of a supersedeas pending the determination of a writ of error in this court."*Fowler v. Grimes,* 198 Ga. 84 (5) (31 SE2d 174); *Sullivan v. State,* 229 Ga. 731 (194 SE2d 410); *Akins v. State,* 231 Ga. 411 (1) (202 SE2d 62).

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 28, 1975 — DECIDED APRIL 22, 1975.

*Garland & Garland, Edward T. M. Garland, Jackson Cook,* for appellant.

*Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Larry H. Evans, Assistant Attorneys General,* for appellee.