## 50307. McHUGH v. THE STATE.

Clark, Judge.
Appellant, convicted on two counts of making unlawful sales of heroin, seeks a reversal on two grounds:

(1) the evidence which he presented in support of his defense of entrapment was such that the verdict of guilty is contrary to law; and (2) the court erred in providing that the sentence entered upon the verdict should in part run consecutively to a previously imposed sentence.

On two separate occasions in December 1973 defendant sold heroin to J. W. Turner, a narcotics officer with the Atlanta Police Department. While admitting the essential elements of the transactions, defendant asserted he had been entrapped. This defense was based upon the activities of a police informant, Munsey Parker, who accompanied Detective Turner during both sales. The scenario which defendant and several witnesses attempted to present is as follows: Munsey had persistently attempted to purchase a variety of drugs from several persons, including defendant. These solicitations were initially resisted by defendant, who admitted to being a heroin user, but denied ever partaking in sales. Believing Munsey was also addicted to heroin and that he had lost his source of supply, defendant was eventually persuaded to act as a "conduit" for Munsey—that is, to purchase heroin from his own supplier and sell it to Munsey for no profit. The defendant intended the drugs for Munsey's use and thought that Detective Turner was simply driving the car for Munsey.

The jury was charged on entrapment, and the appellant does not enumerate any error in the charge. Thus, the question presented is whether the evidence produced by the state was sufficient to meet its burden of showing that the defendant was not entrapped.

1. Detective Turner testified that he, rather than Munsey, handed the money to the defendant and that the defendant "told me if I wanted any more to come back and let him know, that he would get it for me." (T. 99). Turner further stated that a second sale was arranged and the money was given to defendant by Turner who then received the drugs from defendant. (T. 103, 268). Moreover, defendant admitted Turner paid for the drugs and Turner was the recipient of the narcotics. (T. 253, 254).

The essential premise upon which the defendant's entrapment defense relies is that the two sales were made

to Munsey, who induced the defendant to sell him the drugs by persistent solicitations and undue persuasion. In light of the testimony summarized above, however, the jury was justified in concluding that the sales were made to Detective Turner rather than to Munsey. The testimony of Detective Turner concerning the two purchases was sufficient to support the jury's verdict on both counts. *Welch v. State,* 130 Ga. App. 18 (2) (202 SE2d 223); *Williams v. State,* 129 Ga. App. 103 (198 SE2d 683). It was within the province of the jury to believe the testimony of Turner and to disbelieve the witnesses for the defense. *Kendricks v. State,* 231 Ga. 670 (203 SE2d 859); *Stewart v. State,* 128 Ga. App. 11, 12 (195 SE2d 251), and cases cited therein.

"After a verdict of guilty has been returned, in passing on the defendant's motion for new trial the trial court and the appellate court are to afford the evidence that view which is most favorable to the state, for every presumption and every inference is in favor of the verdict." *Williams v. State,* 129 Ga. App. 103, 107 (198 SE2d 683). The state's evidence was sufficient to meet its burden of showing that the defendant was not entrapped. We, therefore, hold that the jury's verdict was amply supported by the evidence and that the enumerations of error on general grounds are without merit.

2. The appellant also alleges error in the trial court's imposition of sentence. Under the bifurcated procedure then in force, the jury fixed the sentence as follows: "We, the jury fix the sentence at 5 years for count 1, with the recommendation of misdemeanor punishment. We, the jury fix the sentence at 5 (five) years for count No. 2, with the recommendation of misdemeanor punishment. Each sentence to run concurrently." (R. 7). The sentence imposed by the court was, "One (1) year to run concurrently with any sentence now serving and four (4) years to run consecutively to any sentence now serving and Count (2) Two to run concurrently with Count (1) One." (R. 8).

The appellant had previously been convicted of burglary for which he was then serving a four year term. Apparently because that sentence was under appeal, this burglary conviction was not made known to the jury. The

question presented is whether under these circumstances it was proper for the trial court to impose a portion of the jury's sentence to run consecutively to the four year sentence of which the jury had no knowledge.

This court has held, under similar circumstances, that the trial court is not empowered to impose the jury's sentence "to run consecutively to any other sentence that he may be serving," absent express authorization to this effect by the jury. *Bradshaw v. State,* 132 Ga. App. 363 (4) (208 SE2d 173). Similarly, in *Scott v. State,* 133 Ga. App. 466 (211 SE2d 415) we held that the trial judge erred in imposing the jury's sentence to be computed after the expiration of a pre-existing sentence in another county, where the jury did not provide that such sentences were to run consecutively. See also *Wade v. State,* 231 Ga. 131 (200 SE2d 271) wherein the Supreme Court construed Code Ann. § 27-2510 in conjunction with Code Ann. §§ 27-2502 and 27-2534.

Accordingly, the appellant's conviction is affirmed and it is directed that the trial judge's sentence be modified so as to conform with the jury's sentence.

*Judgment affirmed with direction. Pannell, P. J., and Quillian, J., concur.*

SUBMITTED MARCH 10, 1975 — DECIDED MAY 9, 1975.

*Paul S. Weiner,* for appellant.
*Lewis R. Slaton, District Attorney, Carter Goode, Assistant District Attorney,* for appellee.