## 51867. DAUGHTREY v. THE STATE.

WEBB, Judge.

Earl L. Daughtrey, Jr. was indicted by the grand jury of Cook County in the February, 1975 term for the

offense of aggravated assault. Before this arraignment he filed a plea of former jeopardy which was overruled. The case proceeded to trial and he was found guilty and sentenced to ten years imprisonment "to run consecutively to sentence No. 73-238 dated September 9, 1974 in Madison County, Florida." Daughtrey assigns error in the overruling of his plea of former jeopardy and in the sentence imposed.

1. One year earlier Daughtrey was placed on trial in the Superior Court of Berrien County under an indictment identical to the one under which he was tried in Cook County except as to venue and the members of the grand jury. It was stipulated that the two indictments referred to the same occurrence; that a plea of not guilty was entered in Berrien County and a jury impaneled and properly sworn; and that evidence was introduced by the state. The order of the Superior Court of Berrien County dismissing the case there recited that upon recommendation of the district attorney the case was withdrawn from the jury and dismissed without prejudice.

The alleged crime was committed on a bridge crossing a river which separates Cook and Berrien counties. "Whenever a stream of water is the boundary of a county, the jurisdiction of the county shall extend to the center of the main channel of such stream; and if an offense is committed on such stream, and the evidence on the trial does not definitely disclose in which county it was committed, the courts of either county may maintain jurisdiction for the trial and punishment of the offender." Code Ann. § 27-1102. "When an offense shall be committed on the boundary line of two counties, it shall be considered and adjudged to have been committed in either county, and an indictment for such offense may be found and tried, and conviction thereon may be had, in either of said counties." Code Ann. § 27-1103. Since the evidence here does not definitely disclose whether the crime was committed in Cook or Berrien county, trial jurisdiction could have been maintained in either county but not in both.

The Constitution of the United States by the Fifth and Fourteenth Amendments, and the Constitution of

Georgia by Paragraph VIII of the Bill of Rights (Code §
2-108), protect a person against being put in jeopardy
more than once for the same offense. "A prosecution is
barred if the accused was formerly prosecuted for the
same crime, based upon the same material facts, if the
former prosecution . . . was terminated improperly after
the jury was impaneled and sworn . . ." Criminal Code §
26-507 (a) (2). Termination is not improper, however,
where "The accused consents to the termination or
waives, by motion to dismiss or other affirmative action,
his right to object to the termination." Criminal Code §
26-507 (e) (1).

On appeal Daughtrey established that the Cook
County prosecution was for the same crime, based upon
the same material facts as the prosecution in Berrien
County, and that it was terminated after the jury
was impaneled and sworn. The order of dismissal, as
previously stated, recites that it was upon the rec-
ommendation of the district attorney. The state failed to
show that Daughtrey consented to the termination or
by any affirmative action waived his right to object to it.
Accordingly, on April 5, 1976, we held that the trial court
erred in overruling the plea of former jeopardy.[1]

At trial in Cook County counsel for the accused and
the district attorney stipulated in open court that "we
consider as a part of this record any portion of the record in
the former case in Berrien County, Georgia, whether it
has been transcribed or not, which either party may
hereafter on appeal think is essential to the presentation
of their contentions in this case." On April 14 the district
attorney filed a motion for rehearing requesting, for the
first time, that we consider the transcript of the Berrien
County trial, a transcript which had not been furnished.
The next day, by order of the Superior Court of Berrien

---

[1]Daughtrey's appeal was docketed in this court on
December 18, 1975. On February 16, 1976, no reply brief
having been filed as required by Rule 16 (a), the district
attorney was requested by letter from the clerk of this
court to file a brief no later than February 23. It was
received on February 24.

County, entered April 15 and made pursuant to Code Ann. § 6-805 (f), a supplemental record consisting of the transcript of Daughtrey's trial in Berrien County was filed in this court.[2]

The Berrien County transcript shows that Daughtrey's attorney, rather than the district attorney as indicated by the order dismissing the case, moved that the indictment be dismissed and the case withdrawn from the jury because of lack of jurisdiction in Berrien County. The district attorney also agreed that "it would be a Cook County case."

As previously noted, jurisdiction could have been maintained in either county as provided by Code Ann. §§ 27-1102 and 27-1103. However, since Daughtrey by his motion to dismiss waived his right to object to the termination, such termination was not improper and no former jeopardy arose. Code Ann. § 26-507 (e) (1), supra. The trial court did not err in denying the special plea.

2. Daughtrey asserts that the trial court erred in fixing his sentence to be served consecutive to a Florida conviction and sentence because it had no authority to provide that a sentence imposed in this state should begin upon completion of a sentence in another state, particularly where there was no proper proof in the record of the foreign sentence. We do not agree.

Daughtrey testified in direct examination that he was tried and convicted in Florida of a similar aggravated assault, that he got a life sentence and that he had been "pulling that sentence ever since." His testimony was sufficient proof of the prior conviction and sentence. *McKenzey v. State*, 138 Ga. App. 88 (3). Where a person is convicted on more than one indictment in different courts and sentenced to imprisonment it is within the discretion of the trial court to impose consecutive sentences. Code Ann. § 27-2510 (b); *Smith v. Ault*, 230 Ga. 433 (3) (197 SE2d 348); *Heard v. State*, 135 Ga. App. 685 (3) (218 SE2d 866).

---

[2]There appears no sound reason why the transcript could not have been made and furnished by the state in January.

*Judgment affirmed. Deen, P. J., and Quillian, J., concur.*

Submitted March 2, 1976 — Decided April 29, 1976.

*Elsie H. Griner, Edward Parrish,* for appellant.
*Vickers Neugent, District Attorney,* for appellee.