## 31621. STATE BOARD OF CORRECTIONS v. SMITH. 31622. GARNER v. SMITH.

GUNTER, Justice.

These two cases are continuing links in the legal-chain saga of Hugh Don Smith. In February of 1972 he was indicted for having committed six crimes: burglary, theft by taking, criminal damage to property in the first degree, criminal trespass, conspiracy, and conspiracy to commit criminal trespass. A jury trial was held, and appellee was found guilty on each charge. The jury imposed separate sentences for each crime, and the trial judge sentenced appellee to serve these sentences consecutively, though the jury did not specify consecutive sentences. Appellee was incarcerated pursuant to these sentences, and he filed a petition for habeas corpus in the Superior Court of Butts County. The result of this habeas petition was resentencing of the appellee, the sentences to be served concurrently. *Wade v. State,* 231 Ga. 131 (200

SE2d 271) (1973), and *Gandy v. State,* 232 Ga. 105 (205 SE2d 243) (1974). Smith appealed the resentencing judgment, and this court affirmed. *Smith v. Ricketts,* 234 Ga. 245 (215 SE2d 249) (1975).

Smith then brought a second application for habeas corpus in Floyd Superior Court which was dismissed by the habeas judge on the ground of improper venue and the further ground of successiveness, that is, the second application raised issues that could and should have been raised in the first application. This court reversed on appeal and said: "Therefore, we hold that appellant is entitled to an evidentiary hearing on the merits of the constitutional grounds he asserts in this case." *Smith v. Garner,* 236 Ga. 81, 86 (222 SE2d 351) (1976).

Upon remand, the habeas court held a hearing to determine the merits of Smith's contentions. The hearing lasted for five days, and the record and transcript are therefore rather voluminous. The result was a habeas judgment that awarded Smith a new trial. The sheriff and the State Board of Corrections have appealed.

The habeas court's judgment consists of seven pages, but the crux of the habeas judge's ruling is contained in this sentence: "The court finds (from) the transcript of the trial conducted on March 23 and 24, 1972 (T. T.) and the transcript of the habeas corpus (H.C.T.) hearing on the aforesaid dates replete with instances of the abridgement of the rights of defendant Hugh Don Smith to due process as guaranteed by both the Constitution of the United States (Fifth, Sixth, and Fourteenth Amendments) and the Constitution of the State of Georgia (see Code Ann. Sec. 2-102)."

1. There was no direct appeal from Smith' s original convictions; an attempted appeal was dismissed because of Smith's escape from custody; issues he is now raising by habeas application could and should have been raised on a direct appeal; therefore, the appellants urge here that Smith, because of his escape, forfeited his direct appeal and thereby waived any right that he may have to have the issues he now raises decided on an application for a writ of habeas corpus. In *Brown v. Ricketts,* 235 Ga. 29 (218 SE2d 785) (1975), we held that a person who had escaped after conviction would not be heard to complain

that he was denied effective assistance of counsel *on appeal.* The issue here is whether ineffective assistance of counsel during the trial that resulted in conviction can be asserted in an application for habeas corpus even though a direct appeal from the conviction had been forfeited or abandoned.

We merely hold here that the issue of ineffective assistance of counsel during the trial in the convicting court can be raised by an applicant in the habeas court irrespective of the forfeiture or abandonment of a direct appeal. We think a convicted party has a right to raise this issue once and have the issue determined on the merits only once, either by direct appeal or in a habeas proceeding.

2. The habeas judge held that Smith's representation during the convicting trial was ineffective; and he granted the writ and ordered a new trial for Smith within a reasonable time. After a review of the record and transcript, we cannot say that the habeas judge's conclusion is without evidence to support it. The judgment must therefore be affirmed.

3. Having reached this conclusion on the ineffective assistance of counsel issue, it is unnecessary to treat the other enumerated errors in this opinion.

*Judgment affirmed. All the Justices concur, except Jordan, J., who concurs in the judgment only, and Nichols, C. J., and Hill, J., who dissent.*

ARGUED OCTOBER 12, 1976—DECIDED MARCH 17, 1977.

*Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General,* for appellant (case no. 31621).

*Garland, Nuckolls, Kadish, Cook & Weisensee, Cliffe Lane Gort, George Anderson,* for appellees.

*Hamilton, Anderson & Minge, George Anderson,* for appellant (case no. 31622).

*Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General, Garland, Nuckolls, Kadish, Cook & Weisensee, Cliffe Lane Gort,* for appellees.

HILL, Justice, dissenting.

I dissent from Division 1 and from the judgment.

After he was found guilty by the jury, Hugh Don Smith was sentenced by the court on April 11, 1972. After sentencing, Hugh Don Smith escaped from the custody of the sheriff. Smith remained on escape for 5 months, until he was captured in Florida by the FBI.

While Smith was on escape, his motion for new trial was dismissed as moot by reason of his escape.

This court has more cases than it can properly handle. In my view, this court should not be consuming time and exerting effort on behalf of escapees who by the act of escaping have thumbed their noses at the courts, law enforcement officers, and the public.

In my view, escapees waive the right to complain of errors at the trial. The United States Supreme Court has said: "This Court itself has long followed the practice of declining to review the conviction of escaped criminal defendants. . . Thus in Molinaro v. New Jersey, 396 U. S. 365 (1970), we dismissed the appeal of an escaped criminal defendant, stating that no persuasive reason exists to adjudicate the merits of such a case and that an escape 'disentitles the defendant to call upon the resources of the Court for determination of his claims.'. . . In Allen v. Georgia, 166 U. S. 138 (1897), we upheld as against a constitutional due process attack a state court's dismissal of the appeal of an escaped prisoner and its refusal to reinstate the appeal upon his later recapture." Estelle v. Dorrough, 420 U. S. 534 (95 SC 1173, 43 LE2d 377) (1974).

In Allen v. Georgia, supra, the Supreme Court quoted approvingly from Commonwealth v. Andrews, 97 Mass. 543, as follows: "So far as the defendant had any right to be heard under the Constitution, he must be deemed to have waived it by escaping from custody, and the failing to appear and prosecute his exceptions in person, according to the order of court under which he was committed."

In my view, so far as the defendant Hugh Don Smith had any right to be heard under the Constitution, he must be deemed to have waived it by escaping from custody.

I am authorized to state that Chief Justice Nichols

joins in this dissent.