### 32983. SEAY v. HUBBARD.

HILL, Justice.

The habeas corpus court ordered that the prisoner be granted new trials. The state appeals.

The prisoner was sentenced on January 17, 1975, to serve consecutive terms totaling 24 years after being found guilty on three indictments charging theft by receiving stolen property. His trial attorney filed motions for new trial and requested that the court reporter transcribe the evidence.

The habeas court ordered new trials because the trial transcripts were not filed in the theft by receiving cases or in the habeas case. The court below based its decision upon *Wade v. State,* 231 Ga. 131 (200 SE2d 271) (1973), in which we held that the defendant was denied his right to appeal because the trial transcript was not available to him.

We reverse as we find *Wade v. State* inapplicable here. Here the prisoner escaped on May 28, 1975, while his motions for new trial were pending. The convicting court dismissed those motions on July 25, 1975, for the reason that the movant was a fugitive. *Gentry v. State,* 91 Ga. 669 (17 SE 956) (1893). A prisoner who escapes has no right to a trial transcript at state expense. *Yates v. Brown,* 235 Ga. 391 (2) (219 SE2d 729) (1975).

In *Wade,* the defendant was denied his right to appeal because the trial transcript was not available. Here the defendant was denied his right to appeal because he escaped. *Wade* is not applicable here. The court below erred in ordering new trials.

*Judgment reversed. All the Justices concur.*

SUBMITTED NOVEMBER 11, 1977 — DECIDED JANUARY 4, 1978.

*Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General,* for appellant.
William A. Hubbard, *pro se.*