## 34507. AMERSON v. ZANT.

NICHOLS, Chief Justice.

The question presented is whether Amerson's three sentences of June 20, 1972, which, in accordance with the jury's verdict, are to be served consecutively to each other, should be served consecutively to, or, instead, concurrently with, his previous sentences.

Amerson last was tried and convicted in 1972 during the period when the jury was required to set his sentences. See Code Ann. §§ 27-2502, 27-2503. Because the jury did not specify that the 1972 sentences were to run consecutively to his previous sentences, Amerson contends that Code Ann. § 27-2510 (b) requires that the 1972 sentences be served concurrently with his previous sentences. The case of *Bradshaw v. State,* 132 Ga. App. 363 (208 SE2d 173) (1974) seems to support his position.

A majority of this court has held that the failure of the jury to specify that sentences for multiple convictions under a multicount indictment should run consecutively to each other requires that they shall run concurrently with each other. Code Ann. § 27-2510 (a); *Wade v. State,* 231 Ga. 131, 133 (200 SE2d 271) (1973); *Mathis v. State,* 231 Ga. 401 (202 SE2d 73) (1973); *Gandy v. State,* 232 Ga. 105 (205 SE2d 243) (1974). Presiding Justice Undercofler

and I dissented in those cases. See also, *Smith v. State,* 139 Ga. App. 660 (229 SE2d 74) (1976); *England v. Newton,* 238 Ga. 534, 536 (233 SE2d 787) (1977) and *State Bd. of Corrections v. Smith,* 238 Ga. 565 (233 SE2d 797) (1977).

In 1969 Amerson was sentenced in Richmond County to five years each on four counts of robbery to run consecutively and thereafter was sentenced in Baldwin County to twenty years each on eleven counts of burglary to run concurrently. His only complaint is that his three sentences in Richmond County in 1972 to five years each for two counts of aggravated assault and two years for one count of escape, that were set by the jury to be served consecutively to each other, should be served concurrently with all his previous sentences, rather than commencing at the end of his previous sentences, since the jury did not specify that the 1972 sentences were to commence at the end of all of his previous sentences.

This court does not construe Code Ann. § 27-2510 (b) as being applicable under the facts of the present case. See *Daughtrey v. State,* 138 Ga. App. 504, 507 (2) (226 SE2d 773) (1976). The (b) section of Code Ann. § 27-2510 properly is to be construed as being applicable to groups of offenses committed in a single crime spree, where convictions for such offenses have been obtained in separate courts or terms of court. That section does not constitute a limitation upon the discretion of the trial court, derived from the common law, to set sentences imposed as a result of convictions for a new group of offenses that are separate and distinct from previous sentences to commence at the termination of all sentences previously imposed. *Smith v. Ault,* 230 Ga. 433 (3) (197 SE2d 348) (1973).

No abuse of the discretion of the sentencing court having been made to appear, the judgment appealed must be affirmed.

*Judgment affirmed. All the Justices concur, except Jordan and Hill, JJ., who dissent.*

Submitted January 26, 1979 — Decided April 17, 1979.

Grover Amerson, *pro se.*

*Arthur K. Bolton, Attorney General, Mary Beth Westmoreland,* for appellee.

HILL, Justice, dissenting.

Since 1974, Ga. Laws 1974, pp. 352, 356-358, we have had "judge sentencing" in cases other than death penalty cases.[1]

The problem in the case before us would not arise today in cases where the judge sets the second sentence. However, because the problem could arise today in cases where the jury sets the second sentence (e.g. murder), it may still be worthwhile to examine the Code section in issue.

Code Ann. § 27-2510(b) provides: "Where a person is convicted on more than one indictment or accusation at separate terms of court, or in different courts, and sentenced to imprisonment, such sentences shall be served concurrently, the one with the other, unless otherwise expressly provided therein."

The majority say that the above subsection is applicable only to groups of offenses committed in a single crime spree where convictions have been obtained in separate courts or terms of court. One defect in this construction is that while the subsection does refer to different courts and separate terms of court, it makes no reference whatsoever to a single crime spree. Moreover, such construction is, I submit, wrong, as will be seen below.

The majority hold that the subsection is applicable to groups of offenses committed in a single crime spree where a person is convicted at separate terms of court. However, Code Ann. § 26-506(b) generally prohibits a person from being prosecuted at separate terms of court for offenses committed in a crime spree where the crimes are known to the prosecutor. That is to say, the majority has interpreted Code Ann. § 27-2510(b) to be applicable to circumstances which Code Ann. § 26-506(b) prohibits

---

[1]For the history of judge versus jury sentencing in this state, see *Gandy v. State,* 232 Ga. 105 (205 SE2d 243) (1974).

from arising in most cases. I therefore respectfully dissent.