## 58580. SCHAMBER v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction and sentencing for escape, motor vehicle theft, aggravated assault, armed robbery, and kidnapping. *Held:*

1. The evidence showed that in escaping from a correctional institution, defendant assaulted a correctional officer, stole an institutional truck, drove it to a nearby residence where he took an automobile by force and violence and kidnapped a housewife.

The first error claimed is that the trial court improperly overruled defendant's demurrer to the escape

indictment because it did not allege that Walker Correctional Institute, the alleged place of confinement, was a place of lawful confinement. The indictment alleged that defendant "unlawfully" escaped from the institute. "It would be manifestly impossible for the accused to 'unlawfully' escape from a place which was not a lawful place of confinement. The use of the word 'unlawfully' in the manner in which it is used here plainly puts the accused on notice that he is charged with a crime, and dispenses with the necessity of alleging that the place from which he escaped was a lawful place of confinement." *Daniel v. State*, 114 Ga. 533, 535 (40 SE 805). There is no merit to this claim.

2. Secondly, defendant complains because he was tried on five separate indictments in one trial. Code Ann. § 26-506 (Ga. L. 1968, pp. 1249, 1267) provides that when several crimes arise from the same course of conduct and are within the jurisdiction of a single court, they must be tried together, with discretion in the trial court to order them tried separately in the interest of justice. In *Coker v. State*, 234 Ga. 555 (216 SE2d 782) (sentence reversed, Coker v. Georgia, 433 U. S. 584, 97 SC 2861, 53 LE2d 982), the defendant was tried for escape, motor vehicle theft, armed robbery, kidnapping and rape. In denying a claim of improper joinder, the court said at 557: " '[F]rom the nature of the entire transaction it would be almost impossible to present to a jury evidence of one of the crimes without also permitting evidence of the other crimes to be introduced since they were all part of one continuous transaction covering a period of [several] hours,' [cits.] and 'Two or more offenses . . . are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan' [cit.], the joinder of the several crimes is not error. Code Ann. § 26-506." Under the circumstances of this case the joinder also was proper and the court did not err in denying severance.

3. On November 29, 1977, after the jury found defendant guilty of all indictments, the trial court orally and in writing sentenced defendant to serve twenty years for the kidnapping and lesser terms for the other offenses. While the court said that the sentences for the other four

offenses were to run concurrently with the kidnapping sentence, it did not indicate whether the kidnapping sentence was to be concurrent or consecutive with the life sentence from which defendant had escaped. On January 10, 1978, during the same term of court, the trial court signed another sentence document for the kidnapping which stated that the twenty year sentence would run consecutively to the sentence defendant was currently serving. A further notation on the document stated: "Sentence signed November 29, 1977, was inadvertly [sic] shown to run as provided by law, and was not the sentence imposed by Court. This sentence is to correct reading of sentence. This is and was the sentence of the Court, on 11/29/77." The final enumeration claims error because the resentencing increased the sentence.

Code Ann. § 27-2510 (Ga. L. 1956, pp. 161, 168; 1964, p. 494) states: "[W]here a person is convicted . . . in different courts, and sentenced to imprisonment, such sentences shall be served concurrently, the one with the other, unless otherwise expressly provided therein." However, this statute does not apply to the issue presented here as it "properly is to be construed as being applicable to groups of offenses committed in a single crime spree, where convictions for such offenses have been obtained in separate courts or terms of court. That section does not constitute a limitation upon the discretion of the trial court, derived from the common law, to set sentences imposed as a result of convictions for a new group of offenses that are separate and distinct from previous sentences to commence at the termination of all sentences previously imposed. [Cit.]" *Amerson v. Zant*, 243 Ga. 509 (255 SE2d 34).

It is clear that a court cannot change a sentence by increasing it. *Inman v. State*, 124 Ga. App. 190, 192 (183 SE2d 413). However, we find no increase in punishment here. By its subsequent act in the same term, the trial court merely clarified the relation of its sentence to one previously imposed by a different court for an unrelated offense, something the court should have done but inadvertently omitted to do when sentencing defendant. In finding no error we apply the general rule that "judgments of a court are within its breast until the

end of the term, and the sentence may be amended at any time during the term and before execution has begun." *Rutland v. State*, 14 Ga. App. 746, 747 (82 SE 293); Cf. *Gobles v. Hayes*, 194 Ga. 297, 301 (21 SE2d 624); *Johnson v. Gooding*, 242 Ga. 793, 795 (251 SE2d 534). See also Code Ann. § 27-2502 (Ga. L. 1974, pp. 352, 354) which, by prohibiting modification or change of a sentence by the trial court after the term in which imposed, by implication permits such during the same term.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

SUBMITTED SEPTEMBER 12, 1979 — DECIDED NOVEMBER 2, 1979 —

*Jon B. Wood*, for appellant.
*William M. Campbell, District Attorney, Edgar A. Callaway, Jr.,* for appellee.