## 65636. SMITH v. THE STATE.

CARLEY, Judge.

A petition was filed seeking to revoke appellant's probation on the ground that he had received, retained and disposed of stolen property. A hearing was held. Apparently, one of the state's witnesses gave testimony at the revocation hearing which was materially inconsistent with a statement that he had earlier given to the police. The state was then allowed to play a tape recording of the witness' previous statement. See *Gibbons v. State,* 248 Ga. 858 (286 SE2d 717) (1982). At the close of the hearing, the trial court entered an order revoking a portion of appellant's probation. It is from this order that appellant appeals.

Appellant's notice of appeal noted that nothing would be omitted from the record and that a transcript of evidence and proceedings would be filed for inclusion in the record. The transcript which was originally filed pursuant to this notice of appeal did not include a transcript of the tape recording referred to above. Citing

*Wade v. State,* 231 Ga. 131 (200 SE2d 271) (1973), appellant's sole enumeration of error is that the absence of a transcript of the tape recorded statement of the one witness effectively denies him his right to appeal.

In the first instance, OCGA § 17-8-5 (Code Ann. § 27-2401), the statute involved in the *Wade* decision, states in relevant part: *"On the trial of all felonies* the presiding judge shall have the testimony taken down and, when directed by the judge, the court reporter shall exactly and truly record or take stenographic notes of the testimony and proceedings in the case . . ."* (Emphasis supplied.) The probation revocation proceeding at issue in the instant case is, of course, not a felony proceeding, because it is not even a criminal proceeding. " ' A hearing of this character is not a trial on a criminal charge, but is a hearing to determine judicially whether the conduct of the defendant during the probation period has conformed to the course outlined in the order of probation. If the act which violated the probation should happen to be a criminal one, it does not thereby change the character of the hearing.' [Cit.]" *Johnson v. State,* 142 Ga. App. 124, 126 (235 SE2d 550) (1977), aff'd, 240 Ga. 526 (242 SE2d 53) (1978).

Moreover, assuming that OCGA § 17-8-5 (Code Ann. § 27-2401), and consequently the rationale of *Wade,* were applicable in the instant case, no error would be shown. "[T]he state's duty to request the court reporter to transcribe the reported testimony in a felony conviction has no time limit and thus cannot relieve an appellant in a felony conviction of his [OCGA § 5-6-41 (Code Ann. § 6-805)] duty to request the court reporter to transcribe the reported testimony at the same time that he files his notice of appeal. Accordingly, we hold that an appellant . . . who appeals his felony conviction, and states in his notice of appeal that a transcript is to be transmitted as part of the appellate record, has a continuing duty under [OCGA § 5-6-41 (Code Ann. § 6-805)], to request, at the same time that he files his notice of appeal, the court reporter to transcribe the reported testimony." *State v. Hart,* 246 Ga. 212, 213 (271 SE2d 133) (1980). Accordingly, it was the duty of appellant to see that a proper transcript of his hearing was prepared and filed. It does not appear that appellant was diligent in meeting this duty with regard to the transcript of the tape recording at issue. The tape recording was apparently available for transcribing at all times and the state has supplemented the record in the instant case by supplying a transcript of that tape for consideration by this court. Therefore, unlike *Wade,* a transcript of the originally absent tape recording is available and, in fact, has been supplied. Appellant's contention that its absence denied him his right to appeal is meritless.

Our review of the transcript, including that of the contested tape

recording, demonstrates that there was sufficient slight evidence to authorize the revocation of appellant's probation on the grounds stated in the petition. *Holbrook v. State,* 162 Ga. App. 400, 402 (291 SE2d 729) (1982).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JUNE 23, 1983.

*Bobby Lee Cook, Jr.,* for appellant.

*F. Larry Salmon, District Attorney, Robert D. Engelhart, Assistant District Attorney,* for appellee.