74848. PIERCE v. THE STATE.
(361 SE2d 47)

McMurray, Presiding Judge.

Defendant was indicted for burglary and as the result of a plea bargain, entered a plea of guilty on March 2, 1987. At the conclusion

---

of the guilty plea hearing, the trial judge orally sentenced defendant to confinement for a period of seven years (five to serve and two on probation). A written sentence was then entered in accordance with the trial judge's oral pronouncement. Later that day, pursuant to the plea agreement, defendant was called by the State to testify in the trial of a co-defendant. Defendant took the stand and gave testimony incriminating himself. On cross-examination, defendant was asked about the parameters of the negotiated plea. He testified that the prosecutor recommended a seven-year sentence (five years to serve) and that this sentence was to run concurrently with another burglary sentence which defendant was then serving. The trial judge interrupted the testimony, asking who recommended that the sentence was to run concurrently with any other sentence. Defendant responded that the assistant district attorney who handled the case made the recommendation. Shortly thereafter, the trial judge had someone call defendant's lawyer into the courtroom. In the presence of the assistant district attorney, defendant and defendant's lawyer, the guilty plea hearing was reconvened.

At that time the trial judge stated that when he sentenced defendant earlier in the day he was unaware of the fact that defendant was serving another sentence; that it was always the court's policy to run a new sentence consecutively to any sentence which an offender was serving; and that the sentence which was previously entered would be modified to reflect the court's policy. The trial judge acknowledged that it was not misled by defense counsel regarding the existence of the other sentence. (The record shows that the trial judge sentenced defendant for the other offense a few months before the sentence in question was imposed. It also shows that the trial judge signed the order transferring defendant from the penitentiary to the county jail for trial. The trial judge did not recall these events at the guilty plea hearing.)

The trial judge added the words "[t]o run consecutively to any sentence the Defendant is currently serving." Because defendant objected to the modification of his sentence, the trial judge offered defendant the opportunity to withdraw his guilty plea and stand trial. He stated that it was his intention to place defendant in the same position he was in at the time the guilty plea was entered. The trial judge would not state unequivocally, however, that defendant's incriminating testimony could not be used against him if the guilty plea were withdrawn.

Defendant did not withdraw his guilty plea. He chose, instead, to appeal the modification of his sentence. *Held*:

"[O]nce a person has entered upon the execution of his sentence, the court is without power to change it by increasing the punishment. This is considered a violation of the Fifth Amendment prohibition

against double punishment or jeopardy. [Cits.]" *Inman v. State*, 124 Ga. App. 190, 192 (183 SE2d 413). Accord *Brown v. Moody*, 243 Ga. 473 (254 SE2d 853); *Jones v. State*, 155 Ga. App. 382 (271 SE2d 30); *Castillo v. State*, 178 Ga. App. 312, 314 (5) (342 SE2d 782); *Rutland v. State*, 14 Ga. App. 746 (82 SE 293). It is apparent from the record that defendant began serving his sentence after it was entered in accordance with the guilty plea. In point of fact, defendant testified in the trial of a co-defendant following the negotiated plea and the sentence entered pursuant thereto. Compare *Castillo v. State*, 178 Ga. App. 312, 314 (5), supra. Thus, the trial court was without power to increase the sentence after it was pronounced and entered in writing.

Relying upon *Schamber v. State*, 152 Ga. App. 196, 197 (3) (262 SE2d 533), the State contends the modification of the sentence did not constitute an increase in punishment. In *Schamber*, a jury found defendant guilty of kidnapping and various other offenses. In imposing sentence, the trial court stated that the sentences for the other offenses would run concurrently with the kidnapping sentence; but it failed to indicate whether the kidnapping sentence was to be concurrent or consecutive with a life sentence which defendant was then serving. Thereafter, during the same term of court, the trial court amended the kidnapping sentence to state clearly that it was to be consecutive to the life sentence. On appeal, this court held that there was no increase in punishment: "By its subsequent act in the same term, the trial court merely clarified the relation of its sentence to one previously imposed by a different court for an unrelated offense, something the court should have done but inadvertently omitted to do when sentencing defendant."

We think the holding in *Schamber v. State*, 152 Ga. App. 196, supra, is a sound one. We decline, however, to apply it to the case sub judice as it is distinguishable. Why? Because the defendant in the case sub judice entered into a plea agreement, pleaded guilty and gave incriminating testimony in a co-defendant's trial following the imposition of a sentence which (by its failure to specify otherwise) made it clear that the sentence was to run concurrently with another sentence which defendant was serving. See OCGA § 17-10-10 (b). If the original sentence had not been entered in accordance with the plea agreement, defendant would have had the opportunity to withdraw his plea before he would have been called upon to give incriminating testimony in his co-defendant's trial. Defendant gave the incriminating testimony, however, relying upon the plea agreement and the originally imposed sentence. Thus, unlike the defendant in *Schamber v. State*, supra, defendant Pierce relied on the original sentence (which the court imposed in accordance with the plea agreement) to his detriment. Under these circumstances, it cannot be said that the modification of the original sentence did not "increase" de-

fendant's "punishment."

The modification of defendant's sentence violated his Fifth Amendment rights. See *Inman v. State*, 124 Ga. App. 190, supra. Accordingly, the modified sentence must be vacated and the original sentence reinstated.

*Judgment affirmed as to conviction; judgment vacated as to modified sentence and case remanded with direction that original sentence be reinstated. Sognier and Beasley, JJ., concur.*

DECIDED SEPTEMBER 10, 1987.

*W. Benjamin Ballenger*, for appellant.

*David L. Lomenick, Jr., District Attorney, Susan R. Sarratt, Assistant District Attorney*, for appellee.