The defendant was indicted and convicted for rape. Sentence was forty years' imprisonment. Two issues are presented on appeal. *Page 968 
 I
It is argued that the admission into evidence of the defendant's fingerprint record from the Opelika Police Department constituted error because (1) it indicated that he had a criminal record and (2) it violated his constitutional rights because the record was made when the defendant was a juvenile.
Fingerprints found at the scene of the crime were matched to those of the defendant through the use of a fingerprint record or card on file in the Opelika Police Department. This card was made in 1974 when the defendant was thirteen years old.
 A
Before admitting the fingerprint card into evidence, the trial judge ordered that tape be placed over that portion of the card which indicated that charges were placed against the defendant in 1974. We have carefully examined the card itself and find that it does not indicate that it has any connection with any criminal charge against the defendant other than the fact that it is a fingerprint record made by a police department. The portions of the card that would indicate a prior arrest and disposition have been carefully covered with "State's Exhibit" identification stickers in such a manner that it is not obvious that the stickers are concealing information.
During the trial, the prosecution never attempted to show or imply that the defendant had a criminal record. On direct examination, the defendant stated that he had no prior felony convictions. On cross examination the defendant again testified to this same fact. In laying the predicate for the admission of the fingerprint card the State had the police officer who took the defendant's fingerprints in 1974 testify that he did so. None of the circumstances as to why the prints were taken was disclosed. Compare Ralls v. Manson, 375 F. Supp. 1271 (D.Conn.), reversed on other grounds, 503 F.2d 491 (2 Cir. 1974).
In Brown v. State, 369 So.2d 881 (Ala.Cr.App. 1979), this Court held that reversible error occurred when the trial court admitted in evidence a fingerprint card which bore information which would permit the jury to infer that the defendant had committed prior offenses. That extraneous and prejudicial information which fostered such inference was the date of arrest, the list of five aliases and an F.B.I. number. Other "references to previous offenses" were deleted.
 "We cannot ignore the possible prejudicial effect on the jury in this case from the admission of . . . (the fingerprint card). The extraneous information contained on the exhibit reasonably implied the existence of a prior criminal record of the appellant."
* * * * * *
 "The mere existence of recorded fingerprints does not per se imply the existence of a criminal record. The error in this case was committed by showing the jury the additional extraneous and highly prejudicial information contained on the photostatic copy of the appellant's master card."
* * * * * *
 "The admission of the master card with the prejudicial matter on it subtly suggested guilt of other offenses. Thus, error is shown." Brown, 369 So.2d at 884.
The general rule, in accordance with what we have stated above, is that the admission of a defendant's fingerprint identification card is not impermissibly prejudicial to the defendant where the card was altered prior to its introduction so that it did not disclose the defendant's criminal record. See Annot. 28 A.L.R.2d 1115 at Section 12 (1953). No prejudicial error has been found where the card does not indicate any prior criminal record or where such has been deleted or obliterated. United States v. Mancini, 396 F. Supp. 75
(E.D.Pa. 1975); State v. Ralls, 167 Conn. 408, 356 A.2d 147
(1974); Bradshaw v. State, 132 Ga. App. 363, 208 S.E.2d 173
(1974); Edmonds v. State, 5 Md. App. 132, 245 A.2d 618 (1968);State v. Jackson, 284 N.C. 321, 200 S.E.2d 626 (1973); Lesterv. State, 416 P.2d 52 (Okla.Cr. 1966); Burton v. State,471 S.W.2d 817 (Tex.Cr.App. 1971). *Page 969 
The date (even if it is before the offense involved in the trial) and the place of taking (the police department) need not be eliminated from the fingerprint record before the card is introduced into evidence. Parrish v. State, 366 So.2d 530
(Fla.App. 1979).
Each case of alleged error in the admission of a fingerprint record taken pursuant to another criminal offense and prior to the charge for which the accused is presently on trial must be judged upon its own merits. After carefully scrutinizing the fingerprint card in this case we do not find it as objectionable as the card introduced in Brown, supra. The card itself does not imply the existence of a past criminal record apart from the very fact that it is a fingerprint card taken at the Opelika Police Department. Under these very limited circumstances, we find no error in the admission of the fingerprint card.
 B
Alabama Code 1975, Section 12-15-102 (a), governing the fingerprinting of a child and the disposition of those fingerprint records became effective on October 10, 1975, and thus did not operate to prevent the defendant from being fingerprinted in 1974 — one year before the act became law. No prior act of this State governed this subject.
Neither In re Gault, 387 U.S. 1, 87 S.Ct. 1428,18 L.Ed.2d 527 (1967), nor any other case of which we have knowledge, and we have been cited none so holding, states that a juvenile or a child has a constitutional right not to be fingerprinted. We find no authority or basis for such a holding and find that the admission of the fingerprint card was not error.
 II
We have no difficulty in upholding the trial court's decision on the voluntariness and admissibility of the in-custody statement given by the defendant to an investigating officer. The only conflict in the evidence concerning the voluntariness of the statement concerns the defendant's exercise of his right to counsel. The State's evidence was clear that, after having been warned of and after having waived his constitutional rights, the defendant stated that he wanted to make a statement but wanted a lawyer appointed "later on". The defendant testified that he made the statement because the officer told him that as soon as he did so he would get a lawyer.
Even where there is credible testimony to the contrary, if the evidence as to the voluntariness of a confession is fairly capable of supporting an inference that the rules of freedom and voluntariness were observed, the ruling of the trial judge that the confession was voluntary need only be supported by substantial evidence and not to a moral certainty. Thompson v.State, 347 So.2d 1371 (Ala.Cr.App.), cert. denied, Ex parteThompson, 347 So.2d 1377 (Ala.Cr.App. 1977).
We have searched the record and found no error prejudicial to the defendant. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.