TYSON, Judge.
Larry Lee Hardy was indicted for and convicted of the “third-degree burglary” of the home of Ms. Marie Stovall.
The trial court, pursuant to Alabama’s Habitual Felony Offender Act, sentenced Mr. Hardy, the appellant, to 25 years’ imprisonment.
On February 19, 1980, the home of Marie Stovall was burglarized. The home was ransacked, dresser drawers removed, jewelry boxes turned over, and a television set was removed. Ms. Stoval stated that she did not know the defendant, Hardy, and had not given him permission to enter her residence.
One of the investigating officers, Mr. R. E. Zeanah of the Birmingham Police Department, lifted seven fingerprints from jewelry boxes and other personal items of Ms. Stovall that were apparently moved during the burglary.
These latent fingerprints when later compared with known fingerprints in the Birmingham Police Department files were identified as belonging to the appellant, Larry Lee Hardy.
The appellant presented no evidence at trial.
After the trial court overruled the appellant’s motion to exclude the evidence presented by the state, the jury then heard the oral charge of the trial court. The jury returned a verdict of guilty “as charged in the indictment.”
*443 I
Appellant contends that the trial court erred in permitting the state to introduce into evidence a copy of the “fingerprint card” of appellant that was used in identifying his latent prints found in Ms. Stovall’s home. Appellant argues that the card, made in 1978 when the appellant was arrested for a prior offense, was prejudicial in that it informed the jury of appellant’s past criminal record.
The “fingerprint card”, as introduced, had been charged by the trial court to avoid this very prejudice to the appellant. The record indicates (R. 36 — 39) that the date of arrest, the charges against appellant, the identification number, and the notation, “City of Birmingham Department of Police,” were all deleted from the card before it was admitted for the jury’s consideration.
These facts are nearly identical to those presented in Woodson v. State, 405 So.2d 967 (Ala.Cr.App.1981), where we held that an “altered” fingerprint card which did not disclose, on its fact, any prior criminal record and which did not “imply the existence of a past criminal record apart from the very fact that it [was] a fingerprint card”, did not constitute prejudicial error. On the authority of Woodson, supra, and eases cited therein, we hold that the facts of this case, likewise, do not make the copy of this fingerprint card “impermissibly prejudicial.” We, therefore, find no reversible error in admitting it as so “altered”.
Brown v. State, 369 So.2d 881 (Ala.Cr.App.1979), cited in support of appellant’s assertion to the contrary, is distinguishable on its facts. We noted in Brown, supra, that:
“The mere existence of recorded fingerprints does not per se imply the existence of a criminal record. The error in this case was committed by showing the jury the additional extraneous and highly prejudicial information contained on the photostatic copy of the appellant’s master card.” (Emphasis added.)
The “additional extraneous and highly prejudicial information” was the date of arrest, the list of five aliases and the F.B.I number. This information combined with the facts surrounding the introduction of the photostatic copy of the fingerprint card compelled our conclusion in Brown that the defendant’s prior criminal record had been brought to the jury’s attention and, consequently, that error had occurred.
Except for the appellant’s argument on appeal, there is nothing in this record before this court to indicate that appellant’s past criminal record was so introduced in evidence in this case. For aught that appears the trial court properly protected the appellant’s rights by removing the prejudicial matter from the copy of the fingerprint card and, in so doing, eliminated any potential prejudice to the appellant. Woodson v. State, supra; and cases cited therein. See also James v. State, 381 So.2d 672 (Ala.Cr.App.1980).
II
Appellant further contends that the trial court erred by refusing appellant’s sole requested written charge (R. 101) concerning “reasonable doubt.”
In light of appellant’s arguments to the contrary, it is our conclusion after having reviewed the oral charge (R. 78) that the correct principles of law contained in the refused charge were substantially, adequately and fairly covered by the trial court’s oral charge (i.e. the jury was adequately instructed on the issue of “reasonable doubt”). Section 12 — 16—13, Code of Alabama 1975; Ball v. State, 51 Ala.App. 270, 284 So.2d 296 (1973); Watkins v. State, 357 So.2d 156 (Ala.Cr.App.), cert. denied, 357 So.2d 161 (Ala.1977); Sullen v. State, (Ms. October 6,1981).
This record is free of error and is hereby affirmed.
AFFIRMED.
All the Judges concur.