**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rex Richard VETETO,**
**Defendant–Appellant.**

No. 90–8117.

United States Court of Appeals,
Eleventh Circuit.

Jan. 7, 1991.

Steve Berne, Federal Defender Program, Inc., Atlanta, Ga., for defendant-appellant.

Carolyn J. Adams, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before COX and BIRCH, Circuit Judges, and GIBSON *, Senior Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge:

Rex Richard Veteto (hereinafter "Veteto") appeals the district court's determination that his prior burglary and armed robbery convictions were unrelated and its subsequent classification of Veteto as a career offender. He also alleges error based on the district court's proffered explanation for fixing his sentence at 200 months. We affirm in part and reverse in part, vacating the sentence and remanding to the district court to resentence and to state reasons why the particular sentence is selected.

## I. BACKGROUND

Pursuant to a negotiated plea, Veteto pleaded guilty to three counts of bank robbery and one count of possession of a firearm by a felon. A presentence investigation revealed that Veteto had been convicted in Georgia state court on two prior occasions.

His first conviction was for burglary of a residence committed on October 28, 1977. Veteto was sentenced on April 14, 1978, in Henry County, Georgia, to five years imprisonment. The second conviction was for an armed robbery of a hotel committed on December 9, 1977. He was sentenced on April 11, 1978, in Bibb County, Georgia, to eight years imprisonment. The release date for both sentences was February 4, 1982.

* Honorable Floyd R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

Based on these prior convictions, the presentence report indicated that Veteto was a career offender under U.S.S.G. § 4B1.1. Veteto objected to this conclusion. At sentencing, after listening to arguments of counsel, the district judge determined that Veteto's prior convictions were for different crimes and that the sentences had not been consolidated. Consequently, the district judge overruled Veteto's objections and determined that he was a career offender.

Veteto's status as a career offender gave him a criminal history category of VI and an offense level of 32. The offense level was subsequently reduced by two points due to Veteto's acceptance of responsibility, resulting in a sentencing range of 168–210 months. The district judge sentenced Veteto to 200 months of imprisonment. Veteto's counsel requested that the district court explain why 200 months had been selected, to which the judge replied: "I don't believe the court is required to give any such reason at sentencing, and the reason I picked 200 months is because it seems right. That's my reason." Sentencing Tr. at 20–21.

## II. DISCUSSION

### A. Veteto's Status as a Career Offender

The Guidelines provide that:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1. Veteto does not dispute that the prior convictions were for crimes of violence, nor does he deny that he was eighteen years old when the offenses were committed. Instead, he contends that the two convictions were related and should not have been counted separately

either because they were part of a common scheme or because the sentences were consolidated.[1]

### 1. Common Scheme

■ Veteto contends that his prior crimes were committed as part of a common scheme. Specifically, the victims of both crimes owed him money for drugs they had purchased, and Veteto was merely trying to collect those debts. The district court rejected this argument, noting that different crimes were involved, and that the crimes were committed more than a month apart.

Whether previously committed crimes were part of a common scheme is a highly fact-intensive question. Consequently, the district court's determination is not to be disturbed unless it is clearly erroneous. *United States v. Jones,* 899 F.2d 1097, 1101 (11th Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990). We do not believe the determination in this case to be clearly erroneous.

Veteto also argues that the fact his sentences ran concurrently demonstrates that the Georgia courts considered his crimes to have arisen under a common scheme or plan. Georgia law provides that when a person is sentenced to imprisonment by different courts "the sentences shall be served concurrently, one with the other, unless otherwise expressly provided therein." O.C.G.A. § 17–10–10(b). Veteto relies on a passage from *Amerson v. Zant,* 243 Ga. 509, 255 S.E.2d 34 (1979) wherein the Georgia Supreme Court stated that this section "properly is to be construed as being applicable to groups of offenses committed in a single crime spree, where convictions for such offenses have been obtained in separate courts or terms of court." *Id.* at 510, 255 S.E.2d at 35. He then concludes that, because his sentences were allowed to run concurrently, the Georgia courts must have thought that the burglary and armed robbery were part of a single crime spree. We disagree.

Nothing in Georgia's statutory scheme, nor in its case law, mandates that its judges make a factual finding as to whether a person's crimes are part of a single spree. We can find no case in which a judge's decision to impose consecutive sentences was reversed because the underlying crimes were part of a common scheme. The Georgia Supreme Court has made clear that "[i]t is within the discretion of the trial judge to impose consecutive sentences for separate offenses." *Smith v. Ault,* 230 Ga. 433, 433, 197 S.E.2d 348, 349 (1973); *see also Hambrick v. State,* 256 Ga. 148, 149, 344 S.E.2d 639, 640 (1986); *Hoerner v. State,* 246 Ga. 374, 374, 271 S.E.2d 458, 460 (1980). Since this discretion need not be exercised, a person could commit separate offenses, yet receive concurrent sentences. For this reason, the mere fact that the Georgia courts imposed concurrent sentences cannot dictate to federal courts whether the crimes were part of a common scheme for purposes of the Guidelines.

### 2. Consolidation for Sentencing

■ Veteto contends that his sentences were consolidated because they ran concurrently. He argues that while Georgia does not have a counterpart to Fed.R.Crim.P. 20(a)—which allows a defendant pleading guilty to crimes committed in multiple districts to be sentenced by a judge in one of those districts—he should not be penalized for Georgia's failure to have such a proceeding. Veteto compares his situation to that found in *United States v. Dorsey,* 888 F.2d 79 (11th Cir.1989), *cert. den.,* — U.S. —, 110 S.Ct. 756, 107 L.Ed.2d 772 (1990), and contends that the only difference between *Dorsey* and the case at bar is that Dorsey's sentences were imposed by the same judge because he was able to take advantage of Rule 20(a). *See Dorsey,* 888 F.2d at 80.

Veteto's argument is misguided. The inquiry is not whether the sentences ran concurrently; the inquiry is whether the criminal proceedings were "consolidated

---

**1.** "Cases are considered related if they (1) occurred on a single occasion, (2) were part of single common scheme or plan, or (3) were consolidated for trial or sentencing. The court should be aware that there may be instances in which this definition is overly broad and will result in a criminal history score that underrepresents the seriousness of the defendant's criminal history and the danger that he presents to the public." U.S.S.G. § 4A1.2, comment. (n. 3).

for sentencing." U.S.S.G. § 4A1.2, comment. (n. 3). We have previously recognized that sentences are not necessarily "consolidated for sentencing" merely because they run concurrently, and that a district court's determination in this regard will not be disturbed unless it is clearly erroneous. *See Jones*, 899 F.2d at 1101. Veteto's sentences were imposed on different days by different judges. The sentences were imposed for different crimes committed on different days against different victims. Under these circumstances, we cannot conclude that the district court was clearly erroneous in determining that the crimes were not consolidated for sentencing.[2]

**B. The District Court's Explanation for Veteto's Sentence**

**1. Reviewability**

As a general rule, a sentencing court need not explain why a particular sentence was imposed so long as the sentence was within the range specified by the Guidelines. *See United States v. Alamin*, 895 F.2d 1335, 1337 (11th Cir.), *cert. denied sub nom. Wellington v. United States*, —— U.S. ——, 111 S.Ct. 196, 112 L.Ed.2d 158 (1990). While we are inclined to agree with the district court that it should not have to state reasons for a sentence within the Guidelines' range, the same being a matter of discretion, Congress has decreed otherwise. Congress has specifically proclaimed that a sentencing court shall state "the reason for imposing a sentence at a particular point within the range" when the range "exceeds 24 months." 18 U.S.C. § 3553(c)(1). When a sentencing court fails to comply with this requirement, the sen-

tence is imposed in violation of law and is reviewable on appeal. 18 U.S.C. § 3742(a)(1); *United States v. Parrado*, 911 F.2d 1567, 1572 (11th Cir.1990).

**2. Sufficiency**

The Government contends that, even if the district court's explanation is subject to review, the reason given was sufficient. The Government argues that § 3553(c)(1)'s requirement that a "reason" be given is less exacting than the "specific reason" mandated when a judge departs from the guidelines, *compare* 18 U.S.C. § 3553(c)(1) *with* 18 U.S.C. § 3553(c)(2) (requiring a "specific" reason), and the court's explanation that 200 months "seem[ed] right" was sufficient. We disagree.

Although we have previously acknowledged the difference between sections 3553(c)(1) and 3553(c)(2), *see Parrado*, 911 F.2d at 1572 (quoting *United States v. Cervantes*, 878 F.2d 50, 54 (2d Cir.1989)), there must exist some standards that define what constitutes a sufficient reason. Even if § 3553(c)(1) requires a "lesser" explanation, not every purported reason will pass its muster. With this in mind, we note that all sentences should seem "right" to the sentencing judge; hence, a judge's view that a given sentence is appropriate, without more detail, is a truism and not an explanation.[3]

Our only other decision involving § 3553(c)(1) indicated that "a sentencing court should—when stating its reasons for imposing a particular sentence as required by § 3553(c)—tailor its comments to show that the sentence imposed is appropriate, given the factors to be considered as set forth in § 3553(a)." *Parrado*, 911 F.2d at 1572.[4] The explanation given in the case at

---

**2.** At oral argument, Veteto's counsel represented that no state has a counterpart to Rule 20(a). This merely confirms that our holding is correct. If Congress was truly concerned about the states' failure to have rules similar to Rule 20(a), it would have clearly defined "related cases" in terms of concurrent sentences.

**3.** We further note that the "reason" given in the case at bar not only fails to inform the defendant or the public why 200 months was selected, it also fails to "provide[ ] information to criminal justice researchers" or "assist[ ] the Sentencing Commission in its continuous reexamination of its guidelines and policy statements."

S.Rep. No. 225, 98th Cong., 2d Sess. 80, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3263.

**4.** This requirement does not, as the Government suggests, unnecessarily blur the differences between sections 3553(c)(1) and 3553(c)(2). When the guideline range exceeds 24 months, the sentencing judge need only reference the facts of the case and explain why a particular point was chosen. *Cf. Parrado*, 911 F.2d at 1573. However, when a sentencing judge attempts to justify a departure from the guidelines under § 3553(c)(2), she must not only explain why a particular sentence was imposed, but also

bar fails to make any reference to those factors or to the specifics of Veteto's history, crimes, or situation. Consequently, the district court failed to give the required explanation and the sentence was imposed in violation of the law and must be vacated.[5]

## III. CONCLUSION

We affirm the district court's conclusion that Veteto is a career offender because its factual findings were not clearly erroneous. However, we vacate Veteto's sentence and remand to the district court for resentencing consistent with this opinion.

AFFIRMED in part and REVERSED in part.

must "identify the *exact* circumstance or circumstances that warrant departure which were not adequately considered by the Sentencing Commission." *United States v. Mourning,* 914 F.2d 699, 708 (5th Cir.1990); *see also* S.Rep. No. 225, 98th Cong., 2d Sess. 80, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3262.

5. In fairness to the district judge, we note that *Parrado* was decided after Veteto was sentenced.