[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 5, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16008
Non-Argument Calendar

_____

D. C. Docket No. 05-00087-CR-2-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER JAMES WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(October 5, 2006)**

Before ANDERSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Christopher James Williams appeals his convictions for conspiracy to

possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846, and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), as well as his 210-month sentence. According to the Presentence Investigation Report ("PSI"), authorities executed a search warrant for Williams's residence, where they located a firearm and a small amount of marijuana. Williams then confessed to selling crack cocaine from 1994 until 1999 and then, again, for at least a 24-month period, beginning in 2003, selling a half ounce of crack per month. Williams filed a motion to suppress evidence seized during a search of his home. The district denied the motion, and, subsequently, Williams pled guilty, orally reserving the right to appeal the motion to suppress.

## I. DISCUSSION

### A. Search

On appeal, Williams argues that the district court failed to give full and complete consideration to his motion to suppress evidence. Specifically, he contends that, although the search warrant for his house correctly identified the street address and his name, it contained an incorrect physical description of the home. Williams argues that, when the district court denied his motion without holding an evidentiary hearing, it violated his right to due process.

We review the district court's failure to grant an evidentiary hearing on a motion to suppress for an abuse of discretion.  See United States v. Cooper, 203 F.3d 1279, 1285 (11th Cir. 2000).  Regarding a district court's determination that an evidentiary hearing was unnecessary, we have held that:

> A motion to suppress must in every critical respect be sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that a substantial claim is presented.  In short, the motion must allege facts which, if proven, would provide a basis for relief. A court need not act upon general or conclusory assertions founded on mere suspicion or conjecture, and the court has discretion in determining the need for a hearing.

United States v. Richardson, 764 F.2d 1514, 1527 (11th Cir. 1985) (internal citations omitted).

Because Williams did not allege any facts, which, if proven, would have provided a basis for relief, the district court did not abuse its discretion by denying him an evidentiary hearing on his motion to suppress evidence.

B.  Drug Quantity

Williams next argues that there was insufficient evidence to support the district court's calculation of the drug quantity attributable to him.  He contends that the district court's calculation was "shrouded with inconclusive proof and the use of 'guesswork.'"  Specifically, Williams argues that the only evidence

supporting the calculation was a handwritten confession that he had provided to authorities, but he originally used the generic term "drugs," and the authorities replaced it with the word "crack."

A district court's determination of drug quantity used to establish a defendant's base offense level is reviewed for clear error. See United States v. Rodriguez, 398 F.3d 1291, 1296 (11th Cir.) cert. denied 125 S.Ct. 2935 (2005). "When a defendant objects to a factual finding that is used in calculating his guideline sentence, such as drug amount, the government bears the burden of establishing the disputed fact by a preponderance of the evidence." Id. The district court's factual findings may be based upon facts admitted by the defendant's guilty plea, undisputed statements in the PSI, or evidence presented at the sentencing hearing. See United States v. Shelton, 400 F.3d 1325, 1329-30 (11th Cir. 2005). "Section 2D1.1 of the guidelines provides that the base offense level for a possession or a conspiracy drug offense is ordinarily calculated by determining the quantity of drugs attributable to a defendant." Rodriguez, 398 F.3d at 1296. The application notes to § 2D1.1 also state that:

> Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance. In making this determination, the court may consider, for example, the price generally obtained for the controlled substance, financial or other records, similar transactions in controlled substances by the defendant, and the size or capability of any

4

laboratory involved.

U.S.S.G. § 2D1.1, comment. (n.12); see also Rodriguez, 398 F.3d at 1296.

Because Williams admitted to selling half an ounce of crack per month from 2003 until April 2005, resulting in sales of at least 210 grams of crack, the district court did not clearly err in finding that he was responsible for more than 150 grams of crack.

C.  Sentencing Issues Raised for First Time on Appeal

Finally, Williams argues that his sentence was both procedurally and substantively unreasonable.  First, he asserts that the district court failed, in contravention of 18 U.S.C. § 3553(c)(1), to state its reasons for imposing a sentence in excess of 24 months.  Second, he argues that his 210-month sentence exceeded the mandates of § 3553(a) because it "over-reflected" the seriousness of the offense, as he was a low-level drug dealer who only sold drugs to "meet minimal financial obligations."  Third, Williams asserts that the government presented no evidence indicating that he was capable of bringing large quantities of drugs into the community.  Williams then contests the district court's refusal to grant reductions for his role in the conspiracy and acceptance of responsibility. Finally, he contends that, post-Booker, the district court now has the authority to

consider factors such as the sentencing disparities between crack and powder cocaine, and the Sentencing Commission has determined that those disparities are unwarranted, and, thus, the court's failure to consider that factor rendered his sentence unreasonable.

Because Williams did not raise any of these objections at sentencing, we review the district court's decision only for plain error. See United States v. Chisholm, 73 F.3d 304, 307 (11th Cir. 1996).[1]

1. Section 3553 Factors

Prior to imposing its sentence, a district court is required, by statute, to consider a variety of factors. See 18 U.S.C. § 3553(a). In addition:

> The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence -
>
> (1) is of the kind, and within the range, described in subsection (a)(4), and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range

---

[1] Under plain-error review, we have discretionary power to correct an error if the defendant shows: (1) there is an error, (2) the error is plain, and (3) the error affects the defendant's substantial rights. United States v. Le-Jarde Rada, 319 F.3d 1288, 1290 (11th Cir. 2003). If these three conditions are met, we may choose to exercise our discretionary power to correct an error that "'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" Id. (quoting United States v. Olano, 507 U.S. 725, 732, 113 S.Ct.1770, 1776 (1993)).

18 U.S.C. § 3553(c)(1) (emphasis added). "[A] sentencing court should--when stating its reasons for imposing a particular sentence as required by § 3553(c)--tailor its comments to show that the sentence imposed is appropriate, given the factors to be considered as set forth in § 3553(a)." United States v. Parrado, 911 F.2d 1567, 1572 (11th Cir. 1990). The sentencing court's failure to provide the reasons for its sentence as required by § 3553(c)(1) means that the sentence "is imposed in violation of law." United States v. Veteto, 920 F.2d 823, 826 (11th Cir. 1991).

After Booker, we review a defendant's ultimate sentence for unreasonableness, in the context of the § 3553 factors. United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005). Section 3553 factors include (1) the nature and circumstances of the offense, (2) the history and characteristics of the defendant, (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment, (4) the need to protect the public, and (5) the guideline range. See 18 U.S.C. § 3553(a). In analyzing the reasonableness of a sentence post-Booker, we have held that "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." Scott, 426 F.3d at 1329. Furthermore, there, we concluded

7

that Scott's sentence was reasonable when the district court considered the § 3553 factors and sentenced him at the low end of the guideline range, which took into account his offense conduct, personal characteristics, just punishment, and adequate deterrence, and nothing in the record indicated that the sentence was unreasonable. Id.

The district court's failure to provide a reason for imposing a 210-month sentence on Williams was not plainly erroneous. The court may have failed to provide the requisite explanation for why it imposed the sentence, but Williams cannot establish the third prong of the plain error test–that the error affected his substantial rights. To meet this prong, "the error must have affected the outcome of the district court proceedings." Rodriguez, 398 F.3d at 1299. Williams does not suggest that, had the court stated its reasons, it would have imposed a different standard. Therefore, he cannot establish that the error affected his substantial rights.

2. Reasonableness

Regarding the reasonableness of his sentence, Williams was held accountable for the quantity of crack that he admitted selling over an approximately two-year period, and it is not clear that Williams ever requested that

8

the district court grant him a minor-role reduction. At sentencing, Williams asked the court to consider his role as a low-level dealer, but this was done in the context of asking for a reasonable sentence. Regardless, where a defendant's relevant conduct is identical to his actual conduct, he cannot establish that he is entitled to a minor-role reduction merely by identifying some broader criminal scheme in which he played a minor role, but for which he was not held accountable. United States v. De Varon, 175 F.3d 930, 941 (11th Cir. 1999) (en banc).

### 3. Acceptance of Responsibility

As for the reduction for acceptance of responsibility, Williams admitted to probation officers that he had used marijuana while on pre-trial release, and the court did not err in considering Williams' continued drug use. In addition, post-Booker, the district court still is required to calculate the guideline range correctly, and the court did not err in doing so here. Scott, 441 F.3d at 1329.

### 4. Disparity Between Crack and Powder Cocaine

Finally, with regard to Williams' allegation of sentencing disparities between crack and powder cocaine, Williams argues that the district court was required to consider the disparity between crack and powder cocaine, as set forth in

the Guidelines, which Williams considers to be harsh, unfair and unreasonable. Although Williams made a vigorous challenge in the district court to the fact of whether he admitted to the investigating agents that his sales of cocaine were crack cocaine, he at no point suggested to the district court that it should consider the disparity in sentences and impose a lower sentence on that basis. We are aware of no case in which a federal appellate court has mandated such action. Thus, we readily conclude that Williams cannot demonstrate plain error. He cannot show that the alleged error was obvious. Nor can he demonstrate that the alleged error affected his substantial rights. There is no suggestion in the sentencing transcript that the district court might have imposed a lesser sentence if such consideration had been undertaken.

## II. CONCLUSION

The order of the district court is

AFFIRMED.