[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 14-10704, 14-10705
Non-Argument Calendar
_____

D.C. Docket Nos. 1:97-cr-00761-KMM-1, 1:98-cr-00322-KMM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERGIO TEMPRANO,

Defendant-Appellant.


_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(September 25, 2014)

Before HULL, MARCUS, and FAY, Circuit Judges.

PER CURIAM:

In this consolidated case, Sergio Temprano appeals his concurrent 30 and 18-month sentences imposed after revocation of his supervised release. We vacate and remand for resentencing.

## I. BACKGROUND

In 1998, Temprano pled guilty in case No. 1:97-cr-00761-KMM-1 ("Case No. 97-761") to conspiracy to distribute and to possess with intent to distribute 50 or more grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846; possession with intent to distribute 50 or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A); and distribution of 50 or more grams of cocaine base, also in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). When Temprano failed to appear for his sentencing, he was indicted in case No. 1:98-cr-00322-KMM-1 ("Case No. 98-322") for, and pled guilty to, disobeying a court order, in violation of 18 U.S.C. § 401(3); and failing to appear, in violation of 18 U.S.C. § 3146. After his initial sentencing in both cases, and following a remand on direct appeal, the district judge issued amended judgments showing he had sentenced Temprano to concurrent 188-month prison terms on each count in Case No. 97-761, to be served concurrently with a 20-month sentence in Case No. 98-322. Temprano's prison terms were to be followed by 5 years of supervised release in Case No. 97-761, and 3 years of supervised release in Case No. 98-322,

2

to be served concurrently.  The conditions of supervised release in both cases prohibited Temprano from committing another crime.

In 2011, Temprano filed a motion to reduce sentence, under 18 U.S.C. § 3582(c)(2).  The district judge granted Temprano's request in November 2011 and reduced his total sentence in both cases to 97 months of imprisonment. Temprano began his concurrent periods of supervision on November 16, 2011.

In November 2013, Temprano's probation officer issued a superseding petition to revoke his supervised release in both cases.  The officer alleged Temprano had violated a condition of his supervised release by committing the following offenses, for which he had been sentenced in state court to 270 days of imprisonment: (1) possession with intent to sell cocaine, in violation of Fla. Stat. § 893.13; (2) possession of drug paraphernalia, in violation of Fla. Stat. § 893.147; and (3) cocaine possession, in violation of Fla. Stat. § 893.13.  Temprano admitted the violations.

Temprano also filed a request for a downward variance.  He alleged he was 65 years old at the time.  His initial 188-month sentence had been reduced to 97 months (8 years and 1 month) after he already had served 13.5 years, which was 2 weeks short of his entire initial sentence with good-time credits.  His wife had died a few months before his release.  While on supervised release, he had lived in homeless shelters and received disability benefits.  He already had served 270 days

in prison for the state crimes underlying his release violation, which was his first since he began his supervision in 2011.

During his consolidated revocation hearing, Temprano again admitted the violation, and the district judge adjudicated him guilty. The judge and the parties agreed Temprano was subject to a criminal history category of I in both underlying cases and Sentencing Guidelines ranges for revocation purposes of 24-30 months in Case No. 97-761 and 12-18 months in Case No. 98-322.

Temprano's counsel reiterated the arguments raised in his request for a downward variance, noting that, "in essence, he served about six years more than he should have," because he did not receive the full benefit of his § 3582(c)(2) reduction. R13 at 5. Temprano asked for a 12 to 18-month sentence, and the government recommended a 24-month sentence. The district judge stated:

> The Court has carefully considered the statements of all parties and the information contained in the violation report. The Court finds the defendant has violated the terms and conditions of supervised release. I hereby revoke the term of supervised release. The Court has determined that a sentence within the guideline range is appropriate.

R13 at 5-6.[1] The judge sentenced Temprano to concurrent prison terms of 30 months in Case No. 97-761 and 18 months in Case No. 98-322, "[p]ursuant to the Sentencing Reform Act of 1984." R13 at 6. When asked for objections, Temprano

---

[1] It appears the judge's reference to a "violation report" was intended to refer to the petition to revoke supervised release, because no separate violation report appears on the district-court dockets or in the record on appeal.

objected to the substantive reasonableness of his sentences.  The judge replied: "And we'll deny the motion for a variance."  R13 at 6.

Temprano argues on appeal that his sentences are procedurally unreasonable, because the district judge failed to state any reasons for imposing them.  He contends the judge did not address his motion for a variance until after sentencing him.  Additionally, there is no indication in the record the judge considered any of the statutory factors, including those raised in his motion.  Furthermore, the judge did not address the government's request for a 24-month sentence.

The government responds that Temprano's procedural-error argument should be reviewed for plain error, because he did not raise it before the district judge.  The government further argues the district judge's explanation was adequate under 18 U.S.C. § 3553(c), and the judge's reference to the Sentencing Reform Act of 1984 sufficiently invoked the § 3553(a) sentencing factors.

## II. DISCUSSION

We review de novo whether a district judge adequately explained a chosen sentence under § 3553(c)(1), even if the defendant did not object before the district judge.  *United States v. Bonilla*, 463 F.3d 1176, 1181 (11th Cir. 2006).  Under § 3553(c)(1), a sentencing judge "shall state in open court the reasons for [his] imposition of the particular sentence"; if the sentence exceeds 24 months and is

5

within the advisory Sentencing Guidelines range, "the reason for imposing a sentence at a particular point within the range." 18 U.S.C. § 3553(c)(1) (cross-referencing 18 U.S.C. § 3553(a)(4)). The judge should set forth enough to satisfy the appellate court he has considered the parties' arguments and has a reasoned basis for exercising his legal decision-making authority. *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007). When a judge fails to comply with § 3553(c)(1), "the sentence is imposed in violation of law." *United States v. Veteto*, 920 F.2d 823, 826 (11th Cir. 1991). A judge's determination that a given sentence is appropriate, without more detail, "is a truism and not an explanation." *Id.* (vacating for resentencing, because the judge's statement that the defendant's within-Guidelines sentence "seems right" was insufficient).

Upon determining a defendant violated a condition of supervised release, the district judge may revoke the term of supervision and impose a prison term after considering (1) the applicable Guidelines range, (2) the nature and circumstances of the crime with the history and characteristics of the defendant, (3) the need for the sentence imposed to afford adequate deterrence and protect the public, (4) the applicable Sentencing Commission policy statements, (5) the need to avoid unwarranted sentence disparities, and (6) the need to provide restitution. *See* 18 U.S.C. §§ 3553(a), 3583(e). A judge, however, must revoke a defendant's term of supervision and impose a prison term if the defendant possesses a controlled

6

substance.  *See* 18 U.S.C. § 3583(g)(1); *United States v. Brown*, 224 F.3d 1237, 1241-42 (11th Cir. 2000), *abrogated in part on other grounds as recognized in United States v. Vandergrift*, 754 F.3d 1303, 1309 (11th Cir. 2014).  Unlike § 3583(e), which governs permissive release revocation, the subsection governing mandatory revocation, § 3583(g), does not require the judge to consider any of the § 3553(a) factors.  *See* 18 U.S.C. § 3583(e), (g); *Brown*, 224 F.3d at 1242.  A judge need not state specifically he is compelled to revoke supervised release under § 3583(g), if the conditions implicating the provision are present.  *See Brown*, 224 F.3d at 1242.

Because Temprano possessed a controlled substance, the district judge was not required to consult the § 3553(a) factors.  *See* 18 U.S.C. § 3583(e), (g); *Brown*, 224 F.3d at 1242.  Nevertheless, the judge erred by failing to give any explanation for his chosen sentences.  *See Bonilla*, 463 F.3d at 1181; *Veteto*, 920 F.2d at 826. As in *Veteto*, the judge's statement here that a within-Guidelines sentence was "appropriate," without more, "is a truism and not an explanation."  *Veteto*, 920 F.2d at 826.  Although the judge said without explanation he had considered the parties' statements, he gave no reason for rejecting Temprano's request for a below-Guidelines sentence and the government's 24-month sentence recommendation.  *See Rita*, 551 U.S. at 357, 127 S. Ct. at 2468 ("Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different

7

sentence, . . . the judge will normally go further and explain why he has rejected those arguments."). The judge's statement that he had considered the "violation report," R13 at 5-6, which appears to be a reference to the revocation petition, likewise was insufficient, because the revocation petition included no more than the facts showing Temprano's release violation, and the judge did not state why the fact of the violation, without more, justified the sentence imposed. Nor did the judge engage in any discussion with either party that would reveal his reasons for the chosen sentence. *See Rita*, 551 U.S. at 344-45, 358-59, 127 S. Ct. at 2461-62, 2469 (concluding the record made clear the reasons underlying the judge's decision to impose a within-Guidelines sentence, where (1) each party and the judge engaged in colloquies regarding the defendant's request for a below-Guidelines sentence and the government's request for a within-Guidelines sentence; and (2) the judge stated "that he was 'unable to find that the [recommended] guideline range . . . is an inappropriate guideline range for that, and under 3553 . . . the public needs to be protected if it is true, and I must accept as true the jury['s guilty] verdict'").

The government's argument that Temprano's claim should be reviewed for plain error is refuted by *Bonilla*, which the government does not address. *See Bonilla*, 463 F.3d at 1181. The district judge's cursory reference to the Sentencing Reform Act of 1984 after sentencing Temprano was insufficient to show the

reasons for the sentences he imposed, specifically required for a sentence at a particular point within the Guidelines range exceeding 24 months.  *See* 18 U.S.C. § 3553(c)(1), *cross-referencing* 18 U.S.C. § 3553(a)(4).[2]

**VACATED AND REMANDED.**

---

[2] In view of our conclusion that the district judge inadequately explained Temprano's sentences, we do not reach his challenge to the substantive reasonableness of his sentences.