[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13946
Non-Argument Calendar
_____

D.C. Docket No. 6:15-cr-00085-GKS-TBS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FITZGERALD GABRIEL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 25, 2016)

Before TJOFLAT, JILL PRYOR, and EDMONDSON, Circuit Judges.


PER CURIAM:


Fitzgerald Gabriel appeals his above-guidelines sentence of 24 months, which was imposed after Gabriel pleaded guilty to fraudulent use of a counterfeit credit card, in violation of 18 U.S.C. § 1029(a)(1) and (c)(1)(A)(i).  Gabriel contends that his sentence is procedurally and substantively unreasonable.  Gabriel also seeks reassignment to a different district judge on remand.  Reversible error has been shown; we vacate the sentence and remand for resentencing without direction of reassignment.

We review the reasonableness of a sentence -- whether it is imposed inside or outside the guidelines range -- under an abuse-of-discretion standard.  Gall v. United States, 128 S. Ct. 586, 597 (2007).

In sentencing an individual defendant, the district court must first consider the applicable guidelines range, the parties' arguments, and the 18 U.S.C. § 3553(a) factors.  Id. at 596.  The district court then "must make an individualized assessment based on the facts presented."  Id. at 597.  The district court must also "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing."  Id.  A district court commits

2

"significant procedural error" when it, among other things, fails to calculate properly the guidelines range, fails to consider the section 3553(a) factors, or fails "to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range." Id. After determining that a sentence is procedurally sound, we review the sentence's substantive reasonableness under the totality of the circumstances. Id.

At Gabriel's sentencing hearing, after confirming the parties had no objections to the Presentence Report, the district court made the following statement:

> [T]his Court feels that the guidelines in this case, which is a criminal offense level ten, criminal history category I, that gives you an exposure of up to twelve months imprisonment, is totally out of touch. They haven't taken into consideration how credit card and counterfeit credit card fraud has just gone viral in this country. There's a credit card fraud being committed every five seconds and something has to stop this.

The parties presented arguments to the court; each party requested a sentence of 6 months' imprisonment. Before imposing Gabriel's sentence, the district court made these comments:

> Mr. Gabriel, even though, fortunately, you got caught only after a loss of $439, you had pre-encoded cards with your name on it that had a potential of thousands of dollars, $9000, and probably would have defrauded somebody if you hadn't been caught.
>
> As I said earlier, the guidelines in this case the Court thinks are inappropriate. And the public has to know that if they try to defraud

3

other people and steal their identity, they're going to have to pay for
it. This has to stop somehow.

The court then sentenced Gabriel to 24 months' imprisonment.

On appeal, Gabriel first argues that the district court erred procedurally by failing to calculate his advisory guidelines range. The district court made no mention of Gabriel's guidelines range of 6 to 12 months' imprisonment. The district court did, however, state correctly Gabriel's criminal offense level and criminal history category, and that the guidelines provided for "exposure of up to twelve months imprisonment." At this point, we see no "significant procedural error."

Gabriel goes on to contend that the district court erred by failing to consider the section 3553(a) factors. We stress that nothing "requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) (the district court's explicit acknowledgement that it considered the parties' arguments and the section 3553(a) factors is sufficient). Moreover, we have affirmed a sentence as procedurally reasonable where the district court failed entirely to state that it had considered the section 3553(a) factors, but where the record otherwise demonstrated that the district court had considered the sentencing factors. See United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007) (no procedural error occurred because the district court

4

discussed facts pertinent to several section 3553(a) factors in ruling on defendant's objections and motion for a downward departure).

Here, as in Dorman, the district court made no mention of the specific section 3553(a) factors and failed to state more broadly that it had considered the statutory factors in imposing Gabriel's sentence. But this case is different from Dorman. The district court in Dorman imposed a within-guidelines sentence and engaged in a detailed discussion of facts specific to the case that also pertained to the section 3553(a) factors. See id. at 944-45. Given the brevity of the district court's comments in this case and our precedent, we conclude that the record is insufficient to establish that the district court considered the array of factors necessary for proper sentencing -- including the section 3553(a) factors -- especially when imposing an above-guidelines sentence.

Next, Gabriel contends that the district court erred procedurally when it failed to explain adequately the chosen sentence. A district court is required "at the time of sentencing," to "state in open court the reasons for its imposition of a particular sentence." 18 U.S.C. § 3553(c). In doing so, a district court must "tailor its comments to show that the sentence imposed is appropriate, given the factors to be considered as set forth in § 3553(a)." United States v. Bonilla, 463 F.3d 1176, 1181 (11th Cir. 2006).

5

"The appropriateness of brevity or length" of the court's stated reasons "depends upon circumstances" and is left in large part "to the judge's own professional judgment." Rita v. United States, 127 S. Ct. 2456, 2468 (2007). The district court must, however "adequately explain the chosen sentence to allow for meaningful appellate review." Gall, 128 S. Ct. at 597.

The Guidelines are not mandatory. Nevertheless, one "circumstance" important in determining the adequacy of the district court's explanation is whether the sentence imposed is inside or outside the guidelines range. "[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." Rita, 127 S. Ct. at 2468 (concluding that the district court's statement that the within-guidelines sentence was "appropriate" was legally sufficient because the case was "conceptually simple" and the record evidenced the district court considered the parties' arguments and supporting evidence). As the Supreme Court did in Rita, we have affirmed within-guidelines sentences as procedurally reasonable where the district court provides a brief explanation of the sentence imposed and the record establishes clearly that the court considered the section 3553(a) factors. See, e.g., United States v. Agbai, 497 F.3d 1226, 1230 (11th Cir. 2007) (no procedural error when the court described the case as "cookie-cutter" and discussed the need for deterrence and to avoid unwarranted sentencing disparities, because the record indicated the court

6

considered the section 3553(a) factors and concluded that the guidelines range was proper in a mine-run case); Bonilla, 463 F.3d at 1181-82 (no procedural error when the district court explained that the sentence imposed was "consistent with" the guidelines, "accords with the array of factors specified at 18 U.S.C. § 3553," "adequately reflects the seriousness of the offense," and was "neither greater nor lesser than necessary to achieve the statutory purposes of sentencing" and where the record made it "*obvious* the court considered many of the § 3553(a) factors" (emphasis in original)); cf. United States v. Veteto, 920 F.2d 823, 826-27 (11th Cir. 1991) (vacating as procedurally unreasonable a within-guidelines sentence where the district court stated only that the sentence "seemed right").

Meanwhile, the imposition of a sentence outside the advisory guideline range often necessitates a more detailed explanation. See 18 U.S.C. § 3553(c)(2) (requiring a sentencing court to state "the specific reason for the imposition of a sentence" outside the advisory guidelines range); Rita, 127 S. Ct. at 2468 (a judge imposing a sentence outside the guidelines range "will explain why he has done so"). In United States v. Livesay, 525 F.3d 1081 (11th Cir. 2008), we concluded that the district court failed to explain adequately its reasons for varying below the guidelines range. Even though the district court listed expressly the section 3553(a) factors and explained that it viewed the sentence imposed as "appropriate" based on those statutory factors, we concluded the record allowed no meaningful

appellate review because the district court offered "no reasoning or indication of what facts justified" the variance or of "how the below-guidelines sentence furthered the purposes of sentencing."  See id. at 1089, 1093-94.

We accept that, in some circumstances, the district court may vary categorically from the guidelines range based solely on a policy disagreement with the guidelines.  See Kimbrough v. United States, 128 S. Ct. 558, 574-75 (2007) (involving the 100:1 crack to powder cocaine ratio).  The district court's decision to do so, however, is entitled to "greatest respect" when the court determines that the case falls "outside the heartland" of cases contemplated by the Sentencing Commission and is subject to "closer review" in a "mine-run case."  Id.  Here, the District Court does not tell us enough about why this defendant got this sentence or whether this case is a mine-run case or not.

In this case, the record evidences no "individualized assessment based on the facts presented" and contains no comments tailored to explain how the specific sentence imposed is appropriate for this defendant, in the light of the section 3553(a) factors.  Instead, the district court concluded that the "guidelines in this case" were "inappropriate" and "totally out of touch" given that credit card fraud has recently "gone viral."  Although the district court discussed some facts pertinent to the section 3553(a) factors, it is not "obvious" from the record that the court decided on the sentence based on the parties' arguments or the section

8

3553(a) factors.  We also cannot determine whether the district court based its sentencing decision solely on a policy disagreement with the guidelines or whether the court considered Gabriel's case to be a "mine-run case" or one that falls "outside the heartland."  Given the record and the pertinent caselaw, we cannot conclude that the district court's explanation -- which is not focused on the circumstances of this case and this defendant -- for the above-guidelines sentence is sufficient.

Because Gabriel's sentence is procedurally unreasonable, we need not address his arguments about substantive reasonableness.  We vacate Gabriel's sentence and remand for resentencing.

We deny Gabriel's request for reassignment on remand.

VACATED AND REMANDED.[*]

---

[*] We note that the district court also appears to have violated the rule set forth in United States v. Jones, 899 F.2d 1097, 1102-03 (11th Cir. 1990), when it failed at the sentencing hearing to "elicit[] fully articulated objections following the imposition of sentence."  This omission played no part in our decision to vacate Gabriel's sentence and to remand; we mention the omission only so that the district court may elicit such objections upon resentencing.