[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-14043
Non-Argument Calendar

_____

D.C. Docket No. 4:14-cr-00415-WTM-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO FRANKLIN JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(June 20, 2016)

Before TJOFLAT, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Antonio Franklin Johnson appeals his 120-months sentence, imposed after pleading guilty to one count of possession of a firearm by a convicted felon, pursuant to 18 U.S.C. §§ 922(g)(1), 924(a)(2).  He argues that the district court erred by applying a four-level enhancement, pursuant to U.S.S.G. §2K2.1(b)(6)(B), for possessing a firearm in connection with another felony.  He also contends that the district court erred by indicating in the Statement of Reasons that the sentence was not greater than 24 months and the district court was not required to give specific reasons for the sentence.

## I.

We review a district court's interpretation and application of the sentencing guidelines *de novo* and its factual findings for clear error.  *United States v. Smith*, 480 F.3d 1277, 1278 (11th Cir. 2007) (citation omitted).  Evaluating whether a firearm was used "in connection with" a felony offense is a factual determination and we evaluate for clear error.  *United States v. Whitfield*, 50 F.3d 947, 949 & n.8 (11th Cir. 1995).

In calculating the guideline range for a firearm possession offense, U.S.S.G. § 2K2.1(b)(6)(B) provides for a four-level enhancement where the defendant "used or possessed any firearm or ammunition in connection with another felony offense."  U.S.S.G. § 2K2.1(b)(6)(B).  Section 2K2.1 Application Note 14 states that subsection (b)(6)(B) applies "if the firearm or ammunition facilitated, or had

the potential of facilitating, another felony offense." U.S.S.G. § 2K2.1 comment. (n.14(A)).

We have held that the term "in connection with" in U.S.S.G. § 2K2.1(b)(5) should be given its ordinary and natural meaning, and we have expressly rejected a more restrictive interpretation that required the firearm to serve a purpose related to the crime. *Smith*, 480 F.3d at 1280 (citation omitted). Moreover, in interpreting Guideline provisions that contain an "in connection with" requirement identical to U.S.S.G. § 2K2.1(b)(5), we have held that, "in certain circumstances, mere possession of a firearm can be enough to apply a sentencing enhancement. *Id.* (quotation and citation omitted). Generally, we have held that drugs and guns go together. *United States v. Lopez*, 649 F.3d 1222, 1242 (11th Cir. 2011).

The district court did not clearly err by applying a four-level enhancement, pursuant to U.S.S.G. §2K2.1(b)(6)(B), because Johnson had possession of the firearm and a felonious amount of marijuana at the same time in his car. Mere possession of a firearm can be enough to apply a sentencing enhancement because drugs and guns generally go together, and the firearm was not required to serve a purpose related to the crime. Therefore, we affirm the application of the four-level enhancement.

3

II.

We review the question of whether a district court complied with 18 U.S.C. § 3553(c)(1) *de novo,* even if the defendant did not object below. *United States v. Bonilla,* 463 F.3d 1176, 1182 (11th Cir.2006).

Under 18 U.S.C. § 3553(c)(1), the sentencing court must explain its reasons for imposing a sentence at a particular point in the guideline range "when the range exceeds 24 months." 18 U.S.C. § 3553(c)(1); *United States v. Veteto*, 920 F.2d 823, 826 (11th Cir. 1991). A sentence may be imposed at any point within the applicable guideline range, provided that it is not greater than the statutorily authorized maximum sentence. U.S.S.G. § 5G1.1(c). When the statutory authorized maximum sentence is less than the maximum of the guideline range, the guideline range becomes the statutory maximum and the low end of the guideline range. *See id.*

The district court did not err by indicating in the Statement of Reasons that the sentencing range was not greater than 24 months. Because of the statutory authorized maximum sentence of 120 months, Johnson's range was no longer 120 months to 150 months but merely 120 months. Thus, there was a range of zero. Therefore, the district court did not err by indicating that the sentence was within an advisory range that was not greater than 24 months, and thus was not required to give specific reasons for the sentence. Accordingly, we affirm.

4

**AFFIRMED.**