[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10334
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cr-20926-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE MARTINEZ SANTELICES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 4, 2017)

Before TJOFLAT, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Jose Martinez de Santelices appeals from his sentence of 18 months'
imprisonment, to be served consecutively to his sentence in a separate criminal
case, which the district court imposed after revoking his supervised release.  On

appeal, he argues that the district court failed to explain his sentence adequately, in violation of 18 U.S.C. § 3553(c)(1).  After careful review, we affirm.

We review "de novo the legality of a sentence, including a sentence imposed pursuant to revocation of a term of supervised release."  United States v. Aimufa, 122 F.3d 1376, 1378 (11th Cir. 1997).  The question of whether a district court complied with § 3553(c)(1) is reviewed de novo, even absent a defense objection below.  United States v. Bonilla, 463 F.3d 1176, 1181 (11th Cir. 2006).  This is because review focuses exclusively on the court's actions at sentencing and not on the defendant's.  United States v. Williams, 438 F.3d 1272, 1274 (11th Cir. 2006).

A district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke a term of supervised release, after considering the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7), and may impose a sentence of imprisonment for the violation.  18 U.S.C. § 3583(e)(3).  Specifically, sentencing courts must consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for deterrence; (3) the need to protect the public; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment; (5) the kinds of sentences available and the applicable sentencing range; (6) any pertinent policy statements; (7) the need to

avoid unwarranted sentencing disparities; and (8) the need to provide restitution to any victims.  See id.; id. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7).

The district court, at sentencing, must state in open court the reasons for its imposition of a particular sentence, and if the sentence is within the advisory guideline range "and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range."  Id. § 3553(c)(1) (cross-referencing id. § 3553(a)(4)).  The sentencing court should set forth enough to satisfy the appellate court that it considered the parties' arguments and has a reasoned basis for exercising its legal decision-making authority.  Rita v. United States, 551 U.S. 338, 356 (2007).  If a court fails to comply with § 3553(c)(1), "the sentence is imposed in violation of law."  United States v. Veteto, 920 F.2d 823, 826 (11th Cir. 1991).  But when a case is "conceptually simple" and the record reveals that the sentencing court considered the evidence and arguments, § 3553 does not require an extensive explanation.  Rita, 551 U.S. at 356-59.  "[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation.  Circumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence."  Id. at 356-57.  The appropriateness of how much to write and what to say depends on the circumstances of the case, and "[t]he law leaves much, in this respect, to the judge's own professional judgment."  Id. at 356.

Here, Martinez de Santelices's within-guideline sentence was procedurally reasonable. While Martinez de Santelices argues that the district court failed to explain its chosen sentence adequately, this appeal involves a supervised release revocation hearing in which he admitted all charged violations of the conditions of his supervised release. As a result, his case is "conceptually simple" and the circumstances did not require the district court to provide a lengthy explanation of its reasons for imposing a within-guideline sentence. See Rita, 551 U.S. at 356-57. And because the guideline range was 12-18 months' imprisonment, the district court was not required to explain why it chose a particular sentence within that range. See 18 U.S.C. § 3553(c)(1). Regardless, in its brief explanation, the district court indicated that it had considered the § 3553(a) factors in recounting Martinez de Santelices's conduct, had considered the arguments of both parties, and had found a guideline-range sentence to be appropriate. Moreover, the district court expressly said that it considered that Martinez de Santelices was awaiting sentencing in his underlying criminal case and found, based on that and the other factors previously discussed, that an 18-month consecutive sentence for his supervised release violation was appropriate. This explanation was sufficient to show that the district court had a "reasoned basis" for its sentencing decision. Accordingly, Martinez de Santelices cannot show that the sentence is procedurally unreasonable, and we affirm. See Rita, 551 U.S. at 356.

**AFFIRMED**.