[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11143
Non-Argument Calendar
_____

D.C. Docket No. 7:12-cr-00025-HL-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERT G. KLINE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(September 4, 2018)

Before TJOFLAT, WILSON, and HULL, Circuit Judges.

PER CURIAM:

Albert Gunn Kline appeals his above-guideline sentence of 24 months' imprisonment, following the revocation of his supervised release pursuant to 18 U.S.C. § 3583(e).  On appeal, Kline argues that his sentence is both procedurally and substantively unreasonable.  Specifically, he claims that the district court failed to give a specific reason for imposing an upward variance to the statutory maximum, in violation of 18 U.S.C. § 3553(c)(2),[1] and failed to discuss the sentencing factors listed in 18 U.S.C. § 3553(a).  We agree with his first claim and therefore vacate and remand for resentencing.

## I.

In September 2017, Kline finished serving a 72 month term of imprisonment for possession of child pornography, at which time his 25 years of supervised release commenced.  In February 2018, the United States Probation Office filed a petition for revocation of Kline's term of supervision, alleging various violations of the restrictions imposed upon him under the Technology Access Program.  Kline admitted three counts of the six count petition.  At the revocation hearing, the government advocated for a sentence within the guideline range of 3 to 9 months' imprisonment, but the district court sentenced Kline to 24 months—the statutory maximum.  In delivering the sentence, the district court stated: "The

---

[1] While the government asserts that Kline does not challenge on appeal the district court's failure to comply with § 3553(c)(2), we disagree.  Kline explicitly argues in his brief that the district court failed to explain the reason for the upward variance and the sentence imposed.

sentence imposed is an appropriate sentence, complies with the factors which are to be considered and referenced in 18 U.S.C. § 3583(e) and adequately addresses the totality of the circumstances." Kline timely appealed.

## II.

If a defendant fails to clearly and specifically object at the time of sentencing to the procedural reasonableness of a sentence imposed by the district court, we review only for plain error. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). However, we review de novo the district court's compliance with 18 U.S.C. § 3553(c)(2), regardless of whether the defendant objected before the district court. *United States v. Parks*, 823 F.3d 990, 995–96 (11th Cir. 2016).

## III.

Pursuant to 18 U.S.C. § 3583(e), upon finding that the defendant violated a condition of supervised release, a district court may revoke the term of supervised release and impose a term of imprisonment after considering specific factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)–(a)(2)(D), and (a)(4)–(a)(7). 18 U.S.C. § 3583(e)(3). These factors include, among others, the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct, the need to protect the public from further crimes of the defendant, and the applicable guideline range. *Id.* §§ 3553(a)(1), (a)(2)(B)–(C), (a)(4)(B).

The district court commits a significant procedural error if it calculates the guidelines incorrectly, fails to consider the § 3553(a) factors, bases the sentence on clearly erroneous facts, or fails to adequately explain the sentence—including an explanation for any deviation from the guideline range. *United States v. Hill*, 643 F.3d 807, 879 (11th Cir. 2011). Under 18 U.S.C. § 3553(c)(2), if the district court imposes a sentence outside of the guideline range, it must state in open court the *specific* reason for imposing a non-guideline sentence. 18 U.S.C. § 3553(c)(2). To satisfy § 3553(c)(2), the district court's stated reasons must be sufficiently specific so that we can engage in meaningful appellate review and determine whether the deviation was justified. *Parks*, 823 F.3d at 997. The district court must make an individualized assessment based on the facts presented and ensure that the justification is sufficiently compelling to support the degree of the variance. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008). A district court's statement that the sentence imposed "is appropriate, without more detail, is a truism and not an explanation." *United States v. Veteto*, 920 F.2d 823, 826 (11th Cir. 1991). We have adopted a per se rule of reversal for § 3553(c)(2) errors, and "the case *must* be remanded for resentencing" if the district court failed to comply with § 3553(c)(2). *Parks*, 823 F.3d at 997.

Here, the district court procedurally erred by imposing an above-guideline sentence of 24 months' imprisonment without providing a sufficiently specific

reason for its upward variance, as required under 18 U.S.C. § 3553(c)(2).  The district court's statement that 24 months "is an appropriate sentence" in light of the applicable guidelines and totality of the circumstances—without any explanation or details specific to Kline's case—fails to fulfill the requirements of § 3553(c)(2).  *See Veteto*, 920 F.2d at 826.  The district court did not provide any specifics as to why the applicable guideline range was insufficient or openly identify a single sentencing factor or fact within the totality of the circumstances that it found compelling.  Based on the district court's statements, we cannot provide the sort of meaningful appellate review necessary to determine whether the upward variance was justified, and, therefore, must remand for resentencing.  *See Parks*, 823 F.3d at 997.  Because the sentence was procedurally unreasonable, we need not address the issue of substantive reasonableness.  We vacate and remand for resentencing in compliance with 18 U.S.C. § 3553(c)(2).

**VACATED and REMANDED.**