[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11743
Non-Argument Calendar
_____

D.C. Docket No. 9:05-cr-80146-KAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EARL BURGEST,
a.k.a. Earl Burgess,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 21, 2020)

Before JORDAN, NEWSOM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Earl Burgest, a federal prisoner, appeals the district court's imposed sentence on his motion for retroactive application of the Fair Sentencing Act of 2010, Pub. L. No. 111 220, 124 Stat. 2372, § 2(a), to his 2006 sentence, pursuant to § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.  Burgest was originally sentenced to 360 months' imprisonment and 8 years of supervised release.  After the district court found that Burgest's new Sentencing Guidelines range was 262 to 327 months' imprisonment, instead of 360 months to life, the district court imposed a reduced sentence of 276 months and stated that all of the other provisions of the judgment would remain in effect.  Burgest wanted a lower sentence.  Burgest argues that the district court, in violation of 18 U.S.C. § 3553(c)(1), failed to provide a sufficient reason for the given reduced sentence

The question of whether a district court complied with 18 U.S.C. § 3553(c)(1) is reviewed *de novo*, even absent a defense objection below.  *United States v. Bonilla*, 463 F.3d 1176, 1181 (11th Cir. 2006).  At the time of sentencing, the district court must state its reasons for imposing a particular sentence.  18 U.S.C. § 3553(c)(1).  The district court "should set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] legal decisionmaking authority."  *Rita v. United States*,

2

551 U.S. 338, 356 (2007).  A district court's determination "that a given sentence is appropriate, without more detail, is a truism and not an explanation." *United States v. Veteto*, 920 F.2d 823, 826 (11th Cir. 1991).  Nevertheless, "nothing in this Circuit's precedent or [*United States v. Booker*, 543 U.S. 220 (2005)] requires the district court, in its explanation of sentence under § 3553(c)(1), to articulate its consideration of each individual § 3553(a) factor, particularly where . . . it is obvious the court considered many of the § 3553(a) factors. . . ."  *Bonilla*, 463 F.3d at 1182 (emphasis removed).

The Fair Sentencing Act, enacted in 2010, amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack and powder cocaine.  Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372; *see also Dorsey v. United States*, 567 U.S. 260, 268-69 (2012) (detailing the history that led to enactment of the Fair Sentencing Act).  Congress enacted the First Step Act in 2018, which makes retroactive the statutory penalties for covered offenses enacted under the Fair Sentencing Act.  First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, § 404.

A review of the record shows that the district court satisfied 18 U.S.C. § 3553(c)(1) when it imposed a reduced sentence of 276 months' imprisonment because the district court stated that it had reviewed the record, the parties' arguments, and the § 3553(a) factors and found that a sentence within Burgest's

3

Sentencing Guidelines range would be sufficient but not greater than necessary to comply with § 3553(a).  Thus, the district court set forth enough to satisfy us that it had considered the parties' arguments and had a reasoned basis for the sentence it imposed.

**AFFIRMED.**