[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10635
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20777-JEM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUNIOR JEAN BAPTISTE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 4, 2021)

Before JORDAN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Junior Jean Baptiste appeals the district court's within-guideline 212-month total sentence, which it imposed on remand, having failed initially to give Baptiste an opportunity to address the court directly.  Baptiste now argues that the court failed to give adequate explanation for the chosen sentence under 18 U.S.C. § 3553(c), which requires a district court to "state in open court the reasons for its imposition of the particular sentence."  The facts are familiar to the parties, and we do not repeat them except as necessary to resolve the issue before us.

A sentence is procedurally unreasonable if a district court commits an error such as failing to consider the § 3553(a) factors or inadequately explaining the chosen sentence.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  When a defendant's sentence has been set aside and his case remanded for resentencing, a district court "may consider evidence of [his] rehabilitation since his prior sentencing and . . . such evidence may, in appropriate cases, support a downward variance."  *Pepper v. United States*, 562 U.S. 476, 490 (2011).

To comply with § 3553(c)(1), the court should tailor its comments to show that the sentence imposed is appropriate, given the factors set forth in § 3553(a).  *United States v. Veteto*, 920 F.2d 823, 826 (11th Cir. 1991).  "The length and amount of detail describing the district court's reasoning depends on the circumstances."  *United States v. Ghertler*, 605 F.3d 1256, 1262 (11th Cir. 2010).  A sentencing court is not required to incant the specific language used in the

2

guidelines or articulate its consideration of each individual § 3553(a) factor, so long as the record reflects the court's consideration of many of those factors. *Id.* And the court need only set forth enough to satisfy us that it considered the parties' arguments and had a reasoned basis for its decision. *United States v. Carpenter*, 803 F.3d 1224, 1232 (11th Cir. 2015). We review de novo whether a district court satisfied § 3553(c)(1). *United States v. Bonilla*, 463 F.3d 1176, 1181 (11th Cir. 2006).

Here, the district court did not err under § 3553(c)(1) because, in context, the court sufficiently explained why it imposed a total sentence within the advisory guideline range. As a general matter, the court noted that it had considered the statements of all the parties, Baptiste's post-remand sentencing memorandum, and the presentence report that contained the facts pertinent to the § 3553(a) factors. Moreover, in both the first and second sentencing hearings, the district court emphasized the need for deterrence in south Florida of the type of fraud that Baptiste committed. *See* 18 U.S.C. § 3553(a)(2)(B).

Baptiste contends that though the district court's reasoning may have satisfied § 3553(c) in its first sentencing hearing, it couldn't rely on the same deterrence rationale four years later—at least not without new factual findings showing that the need for deterrence persisted. And in any event, Baptiste says, the district court failed to consider evidence of Baptiste's genuine remorse, his

rehabilitation, his family's struggles, and the disparate treatment of his uncharged co-conspirator Andy Louissaint. Though the district court might have done more to explain its sentence in light of Baptiste's new arguments, Baptiste's § 3553(c) challenge nonetheless fails. For better or worse, our precedents do not demand the level of detailed explanation that Baptiste seeks from the district court. *See, e.g.*, *Bonilla*, 463 F.3d at 1181 (upholding district court's sentence under § 3553(c) where the district court had stated that the sentence "accords with the array of factors specified in 18 U.S.C. § 3553 and adequately reflects the seriousness of the offense, . . . the sentence being neither greater nor lesser than necessary to achieve the statutory purposes of sentencing"); *United States v. Irey*, 612 F.3d 1160, 1195 (11th Cir. 2010) (*en banc*) ("It is sufficient that the district court considers the defendant's arguments at sentencing and states that it has taken the § 3553(a) factors into account.") (quotation marks omitted); *United States v. George*, 793 F. App'x 885, 891 (11th Cir. 2019) (holding that the district court satisfied § 3553(c) where it "expressly articulated that it had considered the § 3553(a) factors, the [presentencing report] containing the advisory guidelines range, and the parties' arguments").

It is true that the Supreme Court has said that "[w]here the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence . . . the judge will normally go further and explain why he has rejected those arguments."

4

*Rita v. United States*, 551 U.S. 338, 357 (2007).  But *Rita* did not create a hard-and-fast requirement that courts address potentially meritorious arguments point-by-point.  In *Rita*, the Court affirmed the district court's explanation for the sentence it imposed, though it had done no more than the district court here:  It did not expressly rebut defense arguments for a downward variance, but instead stated that the advisory guidelines were not "an inappropriate guideline range" for that offense and that it was "appropriate to enter" a low-end guidelines sentence.  *Id.* at 345.

Here, the record shows that the sentencing judge was made fully aware of Baptiste's circumstances.  It attached significant weight to deterrence over the other § 3553(a) factors in resentencing Baptiste.  That decision was committed to its sound discretion.  *See United States v. Cabeza-Montano*, 949 F.3d 567, 611 (11th Cir. 2020).  While the district court could have better explained its reasons for its sentence on remand, the district court did not err under § 3553(c).

**AFFIRMED.**

5